## In re AH YOW.

(District Court, D. Washington, N. D.    January 16, 1894.)

CHINESE—EXCLUSION ACTS—LABORERS.
> A restaurant proprietor, who keeps a place for serving meals, and pro- vides, prepares, and cooks raw materials to suit the tastes of his patrons, is a laborer, and is not privileged to enter the United States as a mer- chant.

At Law. Petition for habeas corpus in behalf of Ah Yow, a Chinese passenger detained by reason of the refusal of the collector of customs to permit him to land in the United States. Denied.

Frank Hartley Jones, for petitioner.
W. H. Brinker, U. S. Atty.

HANFORD, District Judge. The petition for a writ of habeas corpus in this case is filed in behalf of a Chinese passenger on board the steamship Tacoma, and sets forth that said Chinese person is proprietor of a restaurant in Seattle, to which place he is now re- turning from a visit to China, and that he is unlawfully detained on said vessel by the master thereof, for the reason that the col- lector of customs has refused to permit him to land in the United States; and, in the argument, counsel for the petitioner insists that a restaurant keeper is not a "laborer," in the sense in which that

word is used in the exclusion acts, and that a Chinese person in
that business is privileged to enter the United States the same as
a merchant.   A restaurant keeper is a caterer, who keeps a place
for serving meals, and provides, prepares, and cooks raw materials
to suit the tastes of his patrons.   A person in that business is not
a merchant, nor does he come within the definition of any of the
terms used in the statutes to describe the class of Chinese who are
privileged to enter the United States; and I hold that, to the word
"laborer" in these statutes, meaning must be given broad enough
to include master mechanics and tradesmen, such as blacksmiths,
cabinet makers, tailors, and shoemakers, who receive orders, and
cut and make up materials in such forms and of such dimensions
as their customers require.   Those who, in following such callings,
employ journeymen, and perform no manual labor themselves, still
represent themselves to be, and they are, in popular estimation,
blacksmiths, cabinet makers, tailors, and shoemakers,—that is to
say, skilled workmen.   All Chinese persons who follow such call-
ings are barred from coming to the United States.   I hold that a
restaurant keeper belongs to the same class, and is likewise barred.
The application for a writ of habeas corpus is therefore denied.