## UNITED STATES v. CHUNG KI FOON.

(District Court, N. D. California. October 27, 1897.)

### No. 3,419.

1. CHINESE LABORERS—CERTIFICATE OF RESIDENCE—RESTAURANT AND LODG-ING-HOUSE KEEPER.

The words "Chinese laborers," in the act of November 3, 1893 (28 Stat. 7, § 1), amending the act of May 5, 1892 (27 Stat. 25, § 6), and relating to certificates of residence, include a Chinaman engaged in the business of keeping a restaurant and lodging house, and all Chinese persons, dependent upon their labor for self-support, whether actually employed as laborers or not.

2. SAME.

The status of a Chinese "laborer" under the acts relating to deportation was not changed by his arrest upon a criminal charge, and his subsequent enforced idleness in jail.

This was a proceeding for the deportation of one Chung Ki Foon, alleged to be a Chinese laborer.

Bert Schlesinger, Asst. U. S. Atty.

George K. French, for defendant.

DE HAVEN, District Judge. This is a proceeding brought by the United States for the deportation of a Chinese laborer. As I construe the agreed statement of facts, the defendant was born in, and is a subject of, the empire of China. He arrived at the city of Portland, Or., in 1876, and engaged in the general merchandise business, in which he continued until some time in the year 1892, when he came to San Francisco, and, after remaining in that city for three months, went to Bakersfield, Cal., and opened a restaurant and lodging house as the proprietor thereof. The date when he commenced to conduct the business of restaurant and lodging-house keeper does not appear, but, from whatever date, he continued in such business until November, 1892, when he was arrested upon a charge of having committed the crime of robbery, and confined in the county jail of Kern county. He remained in this jail until January 25, 1894, and then, having been convicted of the crime with which he was charged, he was placed in the state prison at San Quentin, and served therein under such judgment of conviction for the term of five years. The defendant is without the certificate of residence required of Chinese laborers by section 6 of the act of congress of May 5, 1892 (27 Stat. 25); and the act amendatory thereof, dated November 3, 1893 (28 Stat. 7, § 1). Upon these facts, United States Commissioner Heacock, to whom the matter was referred, found that the defendant was not lawfully entitled to remain in the United States, and recommended his deportation to China. The defendant has filed exceptions to the report of the commissioner, and contends that upon the foregoing facts a judgment for his deportation from the United States would not be warranted by law. In passing upon the question thus presented, I do not deem it necessary to determine whether defendant was a merchant on May 5, 1892, as it clearly appears from the agreed statement of facts that he had ceased to be a merchant before his arrival in California, in 1892, and thereafter was the keeper of a restaurant and

lodging-house proprietor until his subsequent arrest and confinement in jail, in November, 1892. By the terms of the act of November 3, 1893, amending section 6 of the act of May 5, 1892, it was made the duty of all Chinese laborers entitled to remain in the United States, before the passage of the act thus amended, to apply to the collector of internal revenue of their respective districts, within six months thereafter, for a certificate of residence; and if, at the date of the passage of such amendatory act of November 3, 1893, the defendant was a laborer, within the contemplation of that act, it was his duty to provide himself with the certificate therein required; and, if he has not done so, nor shown that his failure so to do was occasioned by accident, sickness, or unavoidable cause, within the meaning of the law, he is not entitled to remain in the United States.

This brings me to the consideration of the question whether the defendant was, at the date of its passage, a laborer, within the meaning of the act of November 3, 1893. Upon that date he was, as above stated, in jail, awaiting his trial upon a criminal charge, and had been so confined for about one year; but at the time of his arrest his ostensible occupation was that of keeping a restaurant and lodging house. It was held, and I think correctly, in the case of In re Ah Yow, 59 Fed. 561, that a restaurant keeper is to be classed as a laborer under a proper construction of the act of congress under consideration, and I do not think that defendant's status as a laborer was changed by the fact of his arrest, and subsequently enforced idleness in the county jail. A person may be properly referred to as a laborer, or as belonging to the laboring class, although at the particular time to which such reference is made he may, by reason of inability to obtain work, sickness, or other cause, not be actually employed as a laborer; and, in my opinion, the words "Chinese laborers," as used in section 1 of the act of November 3, 1893 (28 Stat. 7), refer not only to those actually engaged in manual labor at the date of the passage of that act, but were intended to include all Chinese persons dependent upon their manual labor as a means of securing an honest livelihood and self-support, and those who are not "officers, teachers, students, merchants, or travelers for curiosity," within the meaning of the treaty of November 17, 1880, between the United States and China. This I understand to be, in effect, the construction given these words by Ross, district judge, in his elaborate and well-considered opinion in the case of U. S. v. Ah Fawn, 57 Fed. 591, in which it was held that the words "Chinese laborers," as used in the act of May 5, 1892, are broad enough, when read in connection with the treaty made between the United States and China on November 17, 1880, to include Chinese gamblers and "highbinders." My conclusion is that the defendant was a laborer on November 3, 1893, within the meaning of the act of congress of that date, before referred to, although he was then in the county jail, awaiting trial upon a criminal charge. He was a laborer at the time of his arrest, and his status as such was not changed by his subsequent imprisonment. Exceptions overruled, and judgment that the defendant be deported from the United States to China.