## In re LEUNG.

(Circuit Court of Appeals, Second Circuit. April 7, 1898.)

### No. 94.

CHINESE EXCLUSION—LABORERS.
> A Chinaman, whose chief occupation was that of a laundryman, but who was an active, voluntary, unpaid teacher in a Sunday school, and actively conversed with his countrymen upon religious subjects, is a laborer, and not a Christian missionary, within the meaning of the registration and deportation acts of 1892 and 1893.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Wm. C. Beecher, for appellant.
Max J. Kohler, Asst. U. S. Atty.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The legal questions upon this appeal are the same which have already been considered at this term in Li Sing's Case, 86 Fed. 896, except that the relator introduced two credible witnesses, who were not Chinese, and who testified to a certain extent in his behalf. In fact, the entire testimony was introduced by him. Charles H. Leung, the relator, came from China to the United States about 15 years ago. In July, 1896, he returned to China, and came back to this country in January, 1897. On May 2, 1896, he received a certificate similar to that of Li Sing's, and which stated his business to be that of a missionary. This certificate was exhibited to the collector of customs at Malone, N. Y., and was canceled on January 14, 1897. Upon the affidavit of Inspector Scharf, asserting that Leung was unlawfully within the United States, and within the Southern district of New York, he was arrested and brought before John A. Shields, Esq., United States commissioner. Upon this examination the relator offered evidence to show that before he returned to China, and in China, and after his return to the United States, his business was that of a Christian missionary among his countrymen. The commissioner found that his occupation, in fact, during his residence in this country, was that of a laundryman. If a review of the commissioner's decision upon this question of fact could properly be had upon a writ of habeas corpus, we should find that the theory of the relator in regard to his occupation was not sustained by the testimony. He was an active, voluntary, unpaid teacher in a Sunday school, and he actively conversed with his countrymen upon religious subjects;

but his business and his chief occupation was that of a laundryman, during his entire residence in this country. The question of a statutory law which is attempted to be raised—that, if a Chinaman is a missionary, he cannot properly be styled a "laborer"—does not exist. The commissioner's conclusion that he never was, in any proper sense of the word, a missionary, is fully justified by the testimony which the relator introduced. The order of the circuit court is affirmed.