SANGER et al. v. HIBBARD et al.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1900.)

No. 1,393.

INFANTS—CONTRACTS—RIGHT TO DISAFFIRM.

The giving of a bond by a minor to dissolve an attachment of a stock of goods which he had purchased in part from the attachment plaintiffs did not operate as an affirmance of the contracts sued on, or as an estoppel, and afforded no ground for a judgment against him in the suit in which it was given, where he repudiated it, as well as the contracts sued on, upon reaching his majority, and pleaded such facts in his answer, together with the further fact that he had paid the entire proceeds of the goods thus released to another creditor.

In Error to the United States Court of Appeals in the Indian Territory.

S. S. Sanger, Jr., the plaintiff in error, did not attain his majority until the 19th day of August, 1895. During his infancy he engaged, as a retail dealer, in the mercantile business in the Indian Territory, and purchased goods on a credit from Hibbard Bros., the defendants in error, and other wholesale merchants. On the 9th of November, 1894, Hibbard Bros. sued out a writ of attachment against Sanger, which was levied upon the stock of goods in his possession, which he had purchased from them and other merchants. Other attachments were levied on the same stock of goods,—one in favor of W. W. Kendall Boot & Shoe Company, November 14, 1894, and one in favor of Wingate, Stone & Welles Mercantile Company, November 16, 1894. On December 10, 1894, the stock of goods so levied upon was sold by the marshal under an order of the court, and the proceeds of the sale, which were less than the amount of the several attachments, paid into the registry of the court. On the same day Sanger gave a bond to dissolve the attachment, under section 337 of Mansfield's Digest of the Laws of Arkansas, in force in the Indian Territory. This bond was procured and furnished by George M. Shelley, one of Sanger's creditors, upon an agreement that Shelley should receive the proceeds of the sale of the goods in the registry of the court in payment of his claim against Sanger, and the costs and expenses and attorney's fees in the case. The money was received by Shelley, and the whole thereof appropriated by him, according to his agreement with Sanger. To an answer filed by the guardian ad litem of Sanger during his infancy, as well as an answer filed by him after he attained his majority, setting up in due form the foregoing facts, the court sustained a demurrer. The defendant declining to plead

further, final judgment was rendered against Sanger and the sureties on his bond for dissolving the attachment for the amount of the plaintiff's claim, and on appeal to the United States court of appeals for the Indian Territory this judgment was affirmed, and thereupon the defendants removed the cause by writ of error into this court.

Sanford B. Ladd (John C. Gage and Charles E. Small, on the brief), for plaintiffs in error.

J. H. Gordon, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The argument in this case has taken somewhat of a wide range, but the case is in a narrow compass. The goods which Sanger purchased from the plaintiffs and others while still a minor were seized and sold on the attachment sued out against him, and the proceeds of that sale were received by Shelley, one of his creditors, so that while he was yet a minor all the goods he had purchased during his minority, and the proceeds thereof, had passed out of his possession and beyond his control. On this state of facts, properly pleaded, was it error to render judgment in an action at law against him for the goods purchased while a minor? This question must be answered in the affirmative. The rule is well settled that an infant has an absolute right to disaffirm and avoid his contract for the purchase of property with which to enter into trade. He can repudiate his contract to pay for property purchased for such a purpose, and the seller has no redress, unless the property purchased remains in the possession and control of the infant. In such case the infant's repudiation of his contract revests the title to the property sold in the vendor, who may recover it in a proper action for that purpose. But this suit is upon the contract for the purchase of the goods, and there is no claim that the property, or any part of it, or the proceeds thereof, are in the possession or control of the defendant. The attachment deprived him of the possession of the goods, and, under the agreement which resulted in the execution of a bond to dissolve the attachment, the proceeds of the sale of the goods went to one of his creditors while he was still a minor. It is not claimed that he ratified the contract or did any act to estop him from setting up this defense after he had attained his majority, and the claim that the execution of the bond to dissolve the attachment during his infancy operated either as an affirmance of the contract or as an estoppel is untenable. The bond was nothing but a contract, and no more binding upon him than the contract for the purchase of the goods in the first instance. The execution of this bond did not operate either to affirm the original contract, or to estop him from setting up the plea of infancy in bar of a recovery upon it, because he was still a minor when the bond was executed. A minor can neither make nor affirm a contract of this character during his infancy. The rule which precludes him from making a contract precludes him from ratifying it. He cannot effectually affirm a contract made during his infancy until he at-

tains his majority. "The question," says the supreme court, "is whether acts and declarations of an infant during infancy can estop him from asserting the invalidity of his deed after he has attained his majority. In regard to this there can be no doubt, founded either upon reason or authority. Without spending time to look at the reason, the authorities are all one way. An estoppel in pais is not applicable to infants, and a fraudulent representation of capacity cannot be an equivalent for actual capacity. Brown v. McCune, 5 Sandf. 224; Keen v. Coleman, 39 Pa. St. 299. A conveyance by an infant is an assertion of his right to convey. A contemporaneous declaration of his right or of his age adds nothing to what is implied in his deed. An assertion of an estoppel against him is but a claim that he has assented or contracted. But he can no more do that effectively than he can make the contract alleged to be confirmed." Sims v. Everhardt, 102 U. S. 300, 313, 26 L. Ed. 87. The rules of law which we have stated, and which are the only ones applicable to the facts of this case, and decisive of it, are supported by all the authorities. Corey v. Burton, 32 Mich. 30; Whart. Cont. § 56; Badger v. Phinney, 15 Mass. 359; Chandler v. Simmons, 97 Mass. 508; Carr v. Clough, 26 N. H. 280; Railway Co. v. Higgins, 44 Ark. 296; Ruchizky v. De Haven, 97 Pa. St. 202; Mustard v. Wohlford's Heirs, 15 Grat. 329; Mortgage Co. v. Dykes, 111 Ala. 178, 18 South. 292; Brantley v. Wolf, 60 Miss. 420; Gibson v. Soper, 6 Gray, 279; Craig v. Van Bebber, 100 Mo. 584, 13 S. W. 906. The judgment of the United States court of appeals for the Indian Territory, and the judgment of the United States court in the Indian Territory, Northern district (53 S. W. 330), are reversed, and the cause is remanded to the latter court, with instructions to grant a new trial, and to proceed therein not inconsistently with this opinion.