TOM HONG, *alias* HOM POE, *v.* UNITED STATES.

TOM DOCK. *alias* HOM DOCK, *v.* UNITED STATES.

LEE KIT *v.* UNITED STATES.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

Nos. 310, 311, 313.  Argued January 12, 1904.—Decided March 21, 1904.

Chinese persons who were in this country prior to May 5, 1892, and who from 1891 to 1894, carried on a mercantile business under a corporate title, although the business was not conducted in their individual names, and who had books of account and articles of partnership, were merchants within the meaning of section 6 of the act of May 5, 1892, as amended by the act of November 3, 1893, and were not required to register under the terms of that act, and cannot be deported for failing so to do, when found without registration certificates.

When the Government allows many years to elapse before commencing prosecutions, allowances may be made which will excuse the failure to procure the books of accounts and articles of partnership.

THESE cases were considered together and are appeals from an order entered in the District Court of the United States for the Eastern District of New York, affirming an order

made by a United States commissioner, directing the deportation of the appellants from the United States to China upon the ground that they were found within this country without certificates of registration, as required by the act of May 5, 1892, as amended November 3, 1893. 1 Comp. Stat. 1901, 1322.

The complaint charges that the appellants, being Chinese laborers, not entitled to remain in this country without certificates of registration, did willfully and knowingly fail to obtain the certificates required by law, and, having unlawfully come within the United States, were found without certificates of registration within the jurisdiction thereof, in the Eastern District of the State of New York.

Testimony was heard in the cases, and at the conclusion of the hearings the commissioner made an order finding each of the appellants a Chinese laborer, without a certificate of registration as required by law, and not a merchant doing business within the meaning of the act of 1892 as amended 1893, and not lawfully entitled to remain in this country.

In each of the cases the commissioner, in addition to the judgment just recited, filed a finding, which was made part of the record by order of the District Court, as follows:

"In the matter of Lee Kit, Tom Hong and Tom Dock.

"Before B. L. Benedict, U. S. Commissioner.

"In these three cases it is urged on one side that the decision of the Circuit Court of Appeals of this circuit, in the case of *United States* v. *Pin Kwan*, requires the commissioner to decide that these three Chinese persons were not merchants within the meaning of the statute in 1894, and that being now laborers without certificate of residence they must be deported. On the other side it is urged that the decision of the court in that case was only that the merchant's certificate that Pin Kwan had was not the certificate required by law, and could not be effective to allow his remaining here, and that the discussion of the effect and weight of evidence which the court itself had said it was error to admit (a certificate being the sole proof

admissible) goes merely to show what the court thought of the evidence in that case which differed from the present one. Admitting the distinction I do not think the United States commissioner is at liberty to disregard carefully expressed language of the Circuit Court of Appeals for the circuit, even though a dictum of the court as to the precise question before it. The proofs furnished in this case are sufficient to show that these three persons were engaged in business rather than in manual labor in 1894, but not to show a real interest of each in the business as partners; they do not to my mind clearly establish facts which would bring these persons within the statute as merchants. It follows that an order for deportation for each one must be made.

"I certify the foregoing to be a true copy of an original decision made by me in the cases of *The United States* v. *Lee Kit, The United States* v. *Tom Hong* and *The United States* v. *Tom Dock,* upon application for orders of deportation of the said Lee Kit, Tom Hong and Tom Dock, made on the 18th day of December, 1902, and remaining on file in my office.

[L. S.]                         "B. LINCOLN BENEDICT,
                                      "*U. S. Comm.*"

Mr. *Terence J. McManus,* with whom Mr. *Frank S. Black* and Mr. *Russell H. Landale* were on the brief, for appellants. Mr. *Max J. Kohler,* by leave of the court, filed a brief in aid of appellants on behalf of the Chinese Charitable and Benevolent Association of New York.

Mr. *Solicitor General Hoyt* for the United States.[1]

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

The contention of the appellants that their right to remain in the United States is enlarged by the treaty with China of

---

[1] These cases were argued simultaneously with, on the same briefs, and by the same counsel as *Ah How* v. *United States,* reported *ante,* p. 65. See that case for abstracts of arguments.

December, 1894, considered with § 1 of the act of April 29, 1902, c. 641, 32 Stat. 176, continuing all laws then in force so far as the same are not inconsistent with treaty obligations in its effect upon the acts of 1892, as amended in 1893, is disposed of by the case of *Ah How* v. *United States,* decided at this term, *ante* p. 65.

For the first time in the history of legislation, having for its purpose the exclusion of certain Chinese from the country, or their deportation when here in violation of the statutes of the United States, and the admission of certain others to the country, or giving the right to remain, Congress, by the act of May, 1892, as amended November 3, 1893, defined those theretofore designated generally as merchants or laborers:

"SEC. 2. The words 'laborer' or 'laborers,' wherever used in this act, or in the act to which this is an amendment, shall be construed to mean both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling, laundrymen or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation.

"The term 'merchant,' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant."

It is contended by the appellants that as by section six of the act as amended November 3, 1893, it is made the duty of certain Chinese laborers within the limits of the United States to apply to the collector of their respective districts within six months after the passage of the act for a certificate of registration, and in default of compliance with the terms of the act, to be subject to arrest and deportation, unless, for certain reasons given in the statute excusing them, they have been

unable to procure the certificate required by law; and as section two of the same act specifically defines what is meant by a "laborer," that only such as come within the statutory provision as "laborers" are liable to deportation upon an affirmative finding of this fact as to the person apprehended.

On the part of the Government, it is contended that when a Chinese laborer is apprehended under this act and found without a certificate, and claiming to have been a merchant during the period of registration, he is subject to deportation unless it is affirmatively shown to the satisfaction of the commissioner or court that he was a merchant, as defined by the statute, during such period of registration.

We do not find it necessary to determine this question in the cases now before us, for in the opinion of the court the testimony shows that the appellants were "merchants" within the definition laid down by the law. The testimony shows, without contradiction and by disinterested witnesses other than Chinese, that the appellants had been in this country for periods varying from ten to thirty years. That in the years from 1891 to 1895 they were carrying on a Chinese grocery in New York, known as the Kwong Yen Ti Company. In that period they bought and sold groceries, kept books of account and had articles of partnership. It is a fact that the testimony does not disclose, as to any of them, that the business was conducted in his name, as the literal interpretation of the law would seem to require, but it was carried on in a company name, which did not include that of any of the partners. The fact of buying and selling at a fixed place of business in a real partnership was established without contradiction.

It is true that after the lapse of so many years the appellants, when taken before the commissioner, were unable to produce the books or articles of copartnership of the firm. But some allowance must be made for the long delay in their prosecution by the Government, and the natural loss of such testimony years after the firm's transactions were closed.

The commissioner was doubtless influenced by the intimation in the *Pin Kwan Case*, 100 Fed. Rep. 609, to the effect that the statutory requirements as to the conduct of the business in the name of the parties necessitated the appearance of the name in the style in which the business was conducted. But this would be too narrow a construction of the statute. The purpose of the law is to prevent those who have no real interest in the business from making fraudulent claims to the benefits of the act as merchants. The interest in the business must be substantial and real and in the name of the person claiming to own it, but the partner's name need not necessarily appear in the firm style when carried on, as is usual among the Chinese, under a company name, which does not include individual names. The main purpose is to, require the person to be a *bona fide* merchant, having in his own name and right an interest in a real mercantile business, in which he does only the manual labor necessary to the conduct thereof. This conclusion has been reached in a number of Federal cases, in which the matter has been given careful consideration. Perhaps the leading one was decided by the Circuit Court of Appeals for the Ninth Circuit, *Lee Kan* v. *United States*, 62 Fed. Rep. 914, the opinion being delivered by Mr. Justice McKenna, then circuit judge, in which the subject was so fully considered as to leave little to be added to the discussion. See also *Wong Ah Gah* v. *United States*, 94 Fed. Rep. 831; *Wong Fong* v. *United States*, 77 Fed. Rep. 168.

It is true that the findings of the commissioner and in the District Court in cases of this character should ordinarily be followed in this court, and will only be reconsidered when it is clear that an incorrect conclusion has been reached. *Chin Bak Kan* v. *United States*, 186 U. S. 193, 201. But in the present case no new matter seems to have been admitted in the District Court, and the finding made by the commissioner as to these appellants is of an uncertain nature when the judgment is read in connection with the special finding filed by that officer and made part of the record in each case, in which

he says: "The proofs furnished in this case are sufficient to show that these three persons were engaged in business rather than in manual labor in 1894."

In this state of the record an examination thereof satisfies us that the appellants adduced testimony which established that they were *bona fide* "merchants" within the meaning of the law at the time registration was required of laborers by the act of Congress, and as the orders of deportation were made on the sole ground that appellants failed to show that fact the

*Judgments are reversed and appellants discharged.*