### UNITED STATES v. SEID BOW.

(District Court, D. Vermont. June 9, 1905.)

CHINESE EXCLUSION—PERSONS SUBJECT TO DEPORTATION—MERCHANT BECOMING LABORER.

A Chinese person who before, during, and for a long time after the time when Chinese laborers were required by the exclusion acts to register was lawfully domiciled in the United States as a merchant is not subject to deportation thereunder on subsequently becoming a laborer.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, § 77.]

Appeal from Commissioner's Order of Deportation.

Peter F. McManus, for appellant.
James L. Martin, U. S. Atty.

WHEELER, District Judge. The appellant is of the Chinese race, born in China. From 1892 to 1898 he appears to have been a partner in the firm of Quong Ying Lung, doing Chinese grocery business, in the capital stock of which his share was $500. Thus he was a merchant, within the definition of the Chinese exclusion acts (Act Sept. 13, 1888, c. 1015, 25 Stat. 476 [U. S. Comp. St. 1901, p. 1312]), before, during, and for a long time after the time in which Chinese laborers were required to register in order to be entitled to remain in the United States. Tom Hong v. U. S., 193 U. S. 517, 24 Sup. Ct. 517, 48 L. Ed. 772. After the expiration of that time there was no law requiring registration of laborers for lawfully remaining in the United States. When he ceased to be a merchant in 1898 he became a laborer, within the definition of the same acts, and, although he has remained such ever since, he has been domiciled lawfully here. Since then he has not been subject to deportation, and is now entitled to be discharged from these proceedings, according to that decision.

Appellant discharged.