UNITED STATES v. YEE GEE YOU, alias YEE JIM.

(Circuit Court of Appeals, Fourth Circuit. March 12, 1907.)

No. 661.

1. ALIENS—DEPORTATION OF CHINESE—EVIDENCE—CERTIFICATE OF RESIDENCE—WHITE WITNESS.

Under Act Cong. May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], entitled "An act to prohibit the coming of Chinese persons into the United States," as amended by Act Nov. 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1321], in deportation cases the only permissible evidence of a Chinese laborer's right to be in the United States is the certificate of residence mentioned in such legislation, or, in lieu thereof, testimony showing that by reason of accident, sickness, or other unavoidable cause he was unable to procure such certificate, and the testimony of at

least one white witness that he was a resident of the United States prior to the registration period.

[Ed. Note.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212, and Lee Sing Far v. United States, 35 C. C. A. 332.]

2. SAME—BURDEN OF PROOF—MERCHANTS.

In a proceeding to deport a Chinaman as a Chinese laborer unlawfully in the United States, he has the burden of proving that he is a merchant, privileged to remain in the United States.

3. SAME—CHINESE LABORERS.

Act Cong. Nov. 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1321], amending Act May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], "to prohibit the coming of Chinese persons into the United States," does not restrict the meaning of the word "laborers" as used in the prior acts, so as to enlarge the privileged classes.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling.

E. M. Showalter, Asst. U. S. Atty.

Before GOFF and PRITCHARD, Circuit Judges, and McDOW-ELL, District Judge.

GOFF, Circuit Judge. The appellee was arrested on the charge of being a Chinese laborer found unlawfully within the jurisdiction of the United States, in violation of the act of Congress approved May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], entitled "An act to prohibit the coming of Chinese persons into the United States," as amended by the act of November 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1321], without having the certificate of residence required by said act. He was given a hearing on said charge before a United States commissioner, and was adjudged to be unlawfully in the United States, and ordered to be deported in accordance with the provisions of said legislation. From such order of deportation he appealed to the District Court of the United States for the Northern District of West Virginia, and that court on hearing of said matter adjudged the appellee to have been a resident of the United States prior to the enactment of the legislation referred to, engaged in business as a merchant, and therefore lawfully entitled to be in the United States. Wherefore said court discharged the appellee from custody. From such order of discharge the United States sued out this writ of error.

Several assignments of error were filed, a number of which are immaterial and will have our consideration only as they are involved in others. The evidence submitted to the court by the United States tended to prove that Yee Gee You is of the Chinese race; that he was conducting a laundry business in Wheeling, W. Va., in said Northern District; that he did not have in his possession the certificate of residence as a Chinese laborer required by law. The evidence offered by appellee was, first, his personal testimony that he was born in Canton, China, in 1865, and came to San Francisco, Cal., in 1880; that he worked as clerk in a store in San Francisco for 10 years; that he went to Boston, Mass., in 1890, and was there employed by Sam Sing, Lee Kee & Co., dealers in Chinese groceries, and that he purchased for $500 an interest in said firm, the capital of which was

$27,500, held by 55 different partners; that in 1898 he made an affidavit before a United States commissioner in Boston that he was a domiciled merchant, in order to enable him to visit China and then return to this country; that he received such certificate from the commissioner, and went to China, returning in about one year; that since then he withdrew from said firm a part of his investment with it, still retaining therein an interest valued at about $900; that for the three or four years prior to his arrest he had resided in Wheeling, where he had been engaged in the laundry business, owning his own laundry, and a portion of the time a part owner of a Chinese restaurant. The appellee then introduced the testimony of two Chinese witnesses, who stated that they were naturalized citizens of the United States, and that they had known the appellee in Boston from 1890 to 1898, and that he was a member of the firm of Sam Sing, Lee Kee & Co., because they saw him at work in that store. Such was the evidence submitted to the court below.

We note from this evidence that no certificate of residence was tendered by the appellee, and that no excuse for such failure was offered as the statute permits to be done, and also that he relied solely upon two witnesses to prove his residence. That the Congress has the power to exclude aliens from the United States will not be questioned, and that it also has the right to prescribe the method of procedure and the rules of evidence in deportation cases is clear. Under the act of May 5, 1892, as amended by section 1 of the act of November 3, 1893, in deportation cases the only evidence of a Chinese laborer's right to be in the United States is the certificate of residence mentioned in such legislation, or, in lieu thereof, testimony showing that by reason of accident, sickness, or other unavoidable cause he was unable to procure such certificate. The legislation mentioned, in direct terms, requires the testimony of at least one creditable white witness to prove the residence of a Chinese person in the United States prior to the registration period. In deportation cases it is error to ignore this provision of the law. In the court below the appellee failed to offer the testimony of any white witness to prove his residence. Appellee's failure in the particulars mentioned is conclusive against his right to remain in the United States, and compels his deportation.

The appellant insists that the court below erred in holding that the appellee was shown by the evidence offered to properly belong to one of the privileged classes mentioned in the statute, namely, teachers, students, merchants, and traders—the finding of the court being that he was a merchant. The burden of proof was upon the appellee to show that he was a merchant within the meaning of that avocation as described in such statutes. It has been held that a Chinese person engaged in keeping a restaurant and lodging house is a laborer (United States v. Chung Ki Foon [D. C.] 83 Fed. 143); that a Chinese person whose occupation was that of a laundryman is a laborer within the meaning of the law (In re Leung, 86 Fed. 303, 30 C. C. A. 69); that a Chinese person owning an interest in a mercantile firm, but not engaged in conducting it, who is also a cook in a restaurant of which he is part owner, is a laborer, and not a merchant under the acts we are now considering (Mar Bing Guey v. United States [D. C.] 97 Fed.

576); that a Chinese person who from the date of his landing in this country, although he has an interest in a mercantile business, is a laborer (United States v. Yong Yew [D. C.] 83 Fed. 832).

We quote with approval from the case of Lee Ah Yin v. United States, 116 Fed. 614, 54 C. C. A. 70, as follows:

"We do not think it was the purpose of this amendatory act to enlarge the limits of the privileged classes, or to restrict the meaning of the term 'laborers' as it had been used in the treaty and in the prior acts. We think its purpose was not to remove any of the bars against Chinese immigration, but to remove doubt, and make definite and certain, as included within the designation 'laborers,' certain occupations which were upon the border line between the occupation of laborer and that of merchant, and which in some aspects might be regarded as belonging to the merchant class. The occupation of mining, taking fish for the purpose of selling the same, peddling, operating a laundry, etc., partake of some of the characteristics of the occupation of the merchant, and those engaged therein might in a sense be deemed merchants. Evidently it was to define these specific occupations, and to declare that persons engaged therein are not merchants, that the act was adopted. We find in it no evidence of an intention to enact that the word 'laborers,' as used comprehensively in the treaty and in the prior acts, was thereafter to be confined solely to manual laborers and to those who follow the specific occupations enumerated. It is not declared that such and none other are to be deemed laborers. It is significant that the next clause of the same section of the amendment defines the term 'merchant,' and provides that the term as employed therein and in the acts of which it is amendatory shall have that 'meaning and none other.'"

There is error in the judgment complained of, and the same will be reversed.