### EWING YUEN v. JOHNSON.

(District Court, Massachusetts. May 19, 1924.)

No. 2439.

1. **Aliens ⬥⟳28—Method of proving that Chinese person, a subject of Great Britain, is a merchant, stated.**

Under Chinese Exclusion Act, § 6 (Comp. St. § 4293), right of a Chinese person, who is a subject of Great Britain, to land as a Chinese merchant, rests on his establishing the fact that he is not a laborer, and that can only be shown by a certificate of identity issued by British government and duly viséed by indorsement of diplomatic representative of United States in foreign country from which certificate issued.

2. **Aliens ⬥⟳31—Chinese person, obtaining temporary admission, may be deported, though he has acquired status of merchant.**

Where a Chinese person abandoned his attempt to come to United States as Chinese merchant, and applied for and obtained temporary admission as an otherwise inadmissible alien, at expiration of period fixed he may be taken into custody and deported, under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), notwithstanding that, since coming to United States, he has acquired status of merchant.

Habeas Corpus. Petition for a writ by Ewing Yuen against John P. Johnson. Petition denied.

Francis M. Phelan, of Boston, Mass., for plaintiff.

Robert O. Harris, U. S. Atty., by John W. Schenck, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge. This is a petition for a writ of habeas corpus to release Ewing Yuen, alias Ng Ewing Yuen, alias Ng Hung Hue. The following facts are established:

Ewing Yuen is a Chinese person, born in Singapore, Straits Settlements, and therefore a subject of the kingdom of Great Britain. In

---

⬥⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1919 he applied at Canton, China, for permission to enter the United States as a Chinese merchant. Misrepresentations made by him were discovered, and a certificate of identity, under section 6 of the Chinese Exclusion Act (Act May 6, 1882, as amended by Act July 5, 1884 [Comp. St. § 4293]), was denied him. The following year he again applied for a certificate, and on July 14, 1920, a certificate was issued at Ottawa, Canada. This certificate, for reasons entirely proper and lawful, was never viséed by the United States consul, as required by the provisions of said section 6. Failing thus to gain entrance as a merchant under the Chinese Exclusion Acts, Ewing Yuen applied for and received, on June 29, 1920, permission to enter for a limited period. This temporary admission was given pursuant to the ninth proviso of section 3 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), which provides that:

"The Commissioner General of Immigration with the approval of the Secretary of Labor shall issue rules and prescribe conditions, including exaction of such bonds as may be necessary, to control and regulate the admission and return of otherwise inadmissible aliens applying for temporary admission."

Ewing Yuen gave a bond satisfactory to the immigration authorities conditioned upon his departure from the United States within six months. He remained in the United States after the expiration of the period of six months, in violation of the terms of his bond. On October 12, 1922, still being in the United States, a warrant for his arrest and for a hearing was issued. After full and fair hearings, at which counsel for Ewing Yuen was present, a warrant for deportation was issued on April 16, 1923, on the ground that Ewing Yuen had been found in the United States in violation of the Act of February 5, 1917, and was therefore subject to deportation under section 19 of the Act. This warrant called for deportation to the home of Ewing Yuen in China, but was later amended to direct deportation to Singapore, Straits Settlements.

Ewing Yuen produces a British passport, duly viséed. The inspector before whom the hearings were held found as a fact that since his admission into the United States Ewing Yuen has acquired the status of a merchant. The relator argues that, inasmuch as Ewing Yuen is a subject of the kingdom of Great Britain and a merchant, he is entitled to remain in the United States, notwithstanding he was admitted for temporary purposes only. In this contention I am unable to concur. The provisions of section 6 of the Chinese Exclusion Act apply to "every Chinese person," whether Chinese subject or subject of any other sovereignty, and if such Chinese person is other than a laborer he is required to obtain permission of and be identified by the foreign government of which he shall be a subject.

[1] Applicant's right to land as a Chinese merchant rested upon his establishing the fact that he was not a laborer, and that could only have been shown by a certificate of identity issued by the British government and duly viséed by indorsement of the diplomatic or consular representative of the United States in the foreign country from which the certificate issued. This certificate constituted the only evidence per-

missible on the part of the applicant to establish his right to enter, so that at the time he first came within the borders of the United States he had no right to come in under the Chinese Exclusion Act. Wan Shing v. United States, 140 U. S. 424, 11 Sup. Ct. 729, 35 L. Ed. 503; Li Sing v. United States, 180 U S. 486, 21 Sup. Ct. 449, 45 L. Ed. 634.

[2] But Ewing Yuen abandoned his attempt to come to the United States under the treaty and the Chinese Exclusion Act as a Chinese merchant. He applied for and obtained temporary admission under the immigration laws as an alien otherwise inadmissible. He entered into a solemn obligation with the authorities representing the United States government to depart within six months. At the expiration of that period his stay within the United States was unlawful. He would come within those provisions of section 19 of the above-cited Immigration Act (section 4289¼jj), which provides that:

"Any alien * * * who shall be found in the United States in violation of this Act, or in violation of any other law of the United States; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

See Ng Fung Ho v. White, 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938.

He is not helped by the fact that since coming to the United States he has acquired the status of a merchant. Tulsidas v. Insular Collector, 262 U. S. 258, 43 Sup. Ct. 586, 67 L. Ed. 969.

The petition for a writ of habeas corpus is therefore denied.