## Ex parte WONG JUN.

(District Court, W. D. Washington, N. D. January 15, 1925.)

No. 8778.

1. **Aliens ⬅25—Chinese assistant manager of restaurant held a "merchant."**

A Chinese person, domiciled in the United States, who is a partner in and assistant manager of a large restaurant, who performs no manual labor, who orders goods and conducts the business when the manager is absent, is a "merchant," within the meaning of Exclusion Act Nov. 3, 1893, § 2 (Comp. St. § 4324).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchant.]

2. **Aliens ⬅25—To be partner, under Exclusion Act, name need not appear in firm title.**

For a Chinese person to be a partner in a mercantile firm, and a merchant within the meaning of Exclusion Act Nov. 3, 1893, § 2 (Comp. St. § 4324), it is not necessary that his name appear in the firm title.

Habeas Corpus. Petition of Wong Jun for writ of habeas corpus. On motion to dismiss writ. Motion denied, and writ granted.

The petitioner, a Chinese, arrived at the port of Seattle and sought admission as the minor child of a lawfully domiciled merchant. The exclusion is predicated upon the holding of the district court of the District of Columbia in U. S. ex rel. Mak Fou Cho v. Davis, Secretary of Labor, 52 Wash. Law Rep. 306. Upon petition this court held that the wives and minor children of lawfully domiciled merchants were admissible, and remanded the case to the Immigration Service to determine the question of admissibility under the Chinese Exclusion Law. On such examination she was excluded, because the father is not a merchant. It is conceded that the petitioner was a minor at the time of her arrival, and is the "lawful blood child" of the man she claims is her father, who was admitted as a merchant in 1910, and has since resided here. It is shown that the father is a partner and the assistant manager of one of the largest restaurants in Philadelphia, the Wong Kew Company, an executive officer of authority, does not act as cook or waiter, and performs no manual labor. This company covers the second and third floors at 1209 Market street, value of furnishings is $140,000, carries $70,000 insurance, and does an annual business of $130,000 to $140,000.

Hugh C. Todd, of Seattle, Wash., for applicant.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge (after stating the facts as above). [1] Is the father a merchant within the provisions of the Exclusion Act? A manager may be said to be one who has general control over and conducts and directs the affairs of a concern, and has knowledge of all its business and property, and who can act in emergencies on his own responsibility. It affirmatively appears in the record that the father is assistant manager; in the absence of the manager has entire control of the concern. He does no manual labor. He orders goods, oversees and directs the business in the absence of the manager, and assists him when he is present.

This case is clearly distinguished from the Mak Fou Cho Case, supra. Chief Justice McCoy in that case said the petitioner " * * * takes no part in buying and selling, and that his powers are not those of an assistant manager." The department has, I understand, uniformly held heretofore that an assistant manager, as is the petitioner, is classed as a merchant. Two minor sons of the petitioner have heretofore been admitted and are now in the United States.

The Exclusion Law defines the words "laborer" and "merchant." Section 2, Act Nov. 3, 1893, 28 Stat. p. 7 (Comp. St. § 4324). "The words 'laborer' or 'laborers' * * * shall be construed to mean both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling, laundrymen, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation. * * * A merchant is a person engaged in buying and selling merchandise * * * and * * * does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant."

The act, for its purposes, divides the Chinese, except those who come to teach, study, travel, or for curiosity, etc., into two classes—"laborers," those performing manual labor, excluded; "merchants," those not performing manual labor, admissible. "Merchant," as construed by the department and as employed in the act, is more comprehensive than the meaning given by lexicographers. The restricted meaning of "merchant" under the Bankruptcy Act (Comp. St. §§ 9585–9656)—Toxaway Hotel Co. v. Smathers & Co., 216 U. S. 439, 30 S. Ct. 263, 54 L. Ed. 558—in view of the provisions of the Exclusion Act and department rule, obviously has no application. A banker, by the department rules, is a "merchant." By the same token the manager or assistant manager of a restaurant, who performs no manual labor, is a "merchant."

It seems obvious that the purchasing of supplies and selling them cooked, if the party does not do the manual labor of preparing them or serving them, is as truly merchandising as selling goods over the counter, or receiving money on deposit and selling exchange or discounting commercial paper. The acts of the petitioner in Ah Yow (D. C.) 59 F. 561, are not limited, as here, and therefore cannot be authority.

[2] It is not necessary that the partner's name appear in the firm title. Tom Hong v. U. S., 193 U. S. 517, 24 S. Ct. 517, 48 L. Ed. 772.

Motion denied, and writ granted.