**WEEDIN, Com'r of Immigration, v. WONG JUN.**

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4522.

Aliens ⊜⇒25—Chinese, who was assistant manager of restaurant in absence of manager, held to be a "merchant" within Chinese Exclusion Act.

Chinese, who was assistant manager of a large restaurant, in which capacity he took charge of the restaurant in absence of the manager, taking in cash and assisting in checking and counting up at the end of the day, and performing no manual labor and not serving as a cook or waiter, *held* to be a "merchant" within the Chinese Exclusion Act (Comp. St. § 4290 et seq.), thereby entitling his daughter to admission into the United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchant.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus by Wong Jun to secure her discharge from custody of Luther Weedin, as Commissioner of Immigration, at the port of Seattle, Wash. From a judgment discharging the petitioner from custody (3 F. [2d] 502), defendant appeals. Affirmed.

See, also, Ex parte Goon Dip, 1 F.(2d) 811.

The appellee, claiming to be the daughter of a Chinese merchant lawfully domiciled in

the United States, was denied admission into the United States by the immigration officers for failure to prove the mercantile status of her father. The father, Wong Chai Chong, was admitted as a merchant in 1910, and has since resided in the United States. His present claim to the status of merchant rests upon his relation to, and his interest in, the Wong Kew restaurant in Philadelphia, a large restaurant which does an extensive business and has from 25 to 30 employés, and in the capital stock of which he owns an interest of $1,000, which he acquired in the year 1920. Formerly he was cashier of the restaurant, but since September, 1923, he has been the assistant manager, in which capacity he takes charge of the restaurant in the absence of the manager, and "takes in the cash and assists in checking and counting up at the end of the day." He has performed no manual labor, and does not serve as cook or waiter. Upon the hearing on habeas corpus in the court below, it was held that he was a merchant and that the appellee be discharged from custody.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Hugh C. Todd, of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appeal presents the question of law whether upon the admitted facts Wong Chai Chong is a merchant. The rulings of immigration officials upon the question whether a restaurant keeper is a merchant have, at different periods, been subject to change. Until 1893 he was held to be a laborer. Thereafter, owing to the opinion of the Attorney General (20 Op. Attys. Gen. 602), the reverse was held. In consequence of the decisions in Ah Yow (D. C.) 59 F. 561, and United States v. Chung Ki Foon (D. C.) 83 F. 143, it was again ruled that a restaurant keeper was not a merchant, but in December, 1915, the rule was adopted that the owner of a restaurant, whose duties were solely those of a manager, is a merchant.

In the present case that ruling was departed from; the decision of the immigration officials being influenced by the decision by Judge McCoy of the Supreme Court of the District of Columbia, sitting in the District Court in April, 1924, in United States ex rel. Mak Fou Cho v. James J. Davis, Secretary of Labor, 52 Wash. Law Rep. p. 306. In that case the inquiry concerned the status of one who was the bookkeeper and cashier of a Chinese restaurant, owned an interest therein, and performed no manual labor in connection therewith. There was some testimony that he held the title of assistant manager, but none that he bought foodstuff or that he had the decision of any important matters. The court relied upon the decisions of the Supreme Court in Nollman & Co. v. Wentworth Lunch Co., 217 U. S. 591, 30 S. Ct. 694, 54 L. Ed. 895, and Toxaway Hotel Co. v. Smathers, 216 U. S. 439, 30 S. Ct. 263, 54 L. Ed. 558. In the first of those cases it was held that a corporation, principally or solely engaged in carrying on a general restaurant business, is not, within the meaning of the Bankruptcy Act (Comp. St. § 9585 et seq.), engaged in a mercantile pursuit, and in the second case the same ruling was applied to a corporation engaged principally in running hotels. In the latter case the court reasoned that the keeping of a bar, cigar and news stand is but an ordinary incident to the main business, and that to say that an innkeeper buys and sells articles of food and drink is true only in a limited sense. "Such articles are not bought to be sold, nor are they sold again, as in ordinary commerce. They are to be served as food or drink, and the price includes rent, service, heat, light, etc." The court below distinguished those decisions of the Supreme Court from the case in hand, upon the ground that a different meaning should be attributed to the terms used in the Bankruptcy Act from those used in the Chinese Exclusion Act (Comp. St. § 4290 et seq.); the purpose of the latter being principally to exclude from the United States all Chinese of the laboring class and to admit students, travelers, and merchants, in pursuance of which the immigration officials established the rule, which is said to have been uninterrupted from the beginning, that a Chinese banker is a merchant.

If a Chinese banker is a merchant within the meaning of the Chinese Exclusion Act, by the stronger reason is a restaurant keeper, who performs no manual labor in connection with his business, a merchant, for, while the banker buys and sells nothing, the restaurant keeper is principally engaged in buying goods and selling them in a modified form; the personal service which he also renders to his customers being only incidental to the business. In United States v. Lee Chee, 224 F. 447, 140 C. C. A. 649, the Cir-

cuit Court of Appeals for the Second Circuit held that the proprietor of a restaurant belongs to the merchant class, and, while the reverse was held in In re Ah Yow, supra, and United States v. Chung Ki Foon, supra, and restaurant keepers were adjudged to be laborers, that conclusion seems to have been reached, at least in the Ah Yow Case, in view of the manual labor of the proprietor in preparing and cooking raw materials for his patrons.

We are not convinced that in the case in hand the trial court was in error in giving to the term "merchant" in the Chinese Exclusion Act a broader and more inclusive meaning than is applicable to the term "trader" or "mercantile pursuit" in the Bankruptcy Act.

Although the question here presented is not wholly free from doubt, we incline to the view that the judgment should be affirmed. It is so ordered.