### Ex parte CHAN HAI.

(District Court, W. D. Washington, N. D. March 22, 1926.)

No. 10408.

1. Aliens ⬥≈25—"Merchant" is one who carries on trade with foreign countries, or buys and sells merchandise at fixed place of business, conducted in his name, and who does not engage in any except necessary manual labor (Chinese Exclusion Act, § 6 [Comp. St. § 4293]).

A "merchant," within Chinese Exclusion Act, § 6 (Comp. St. § 4293), is one who carries on trade with foreign countries, or who exports and imports goods and sells them by wholesale, or engages in buying and selling merchandise at fixed place of business, conducted

in his name, not engaging in any, except necessary, manual labor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchant.]

**2. Infants ⚖══46.**

An infant is incompetent to contract, except for necessaries of life.

**3. Infants ⚖══54.**

Infant's incapacity to contract is not cured by his undertaking or engaging in business for himself.

**4. Infants ⚖══54.**

Infant may become a partner with an adult, but such agreement is voidable at his election.

**5. Aliens ⚖══25—Chinese infant, claiming to be engaged in exporting and importing business, held not qualified as merchant (Chinese Exclusion Act, § 6 [Comp. St. § 4293]).**

A Chinese infant, resident of Manila, 19 years of age, seeking admission to United States, and claiming to be engaged in exporting and importing business, and who possessed exchange in sum of $1,000, with total financial worth of a little over $2,000, *held* not to have qualified as merchant, under Chinese Exclusion Act, § 6 (Comp. St. § 4293).

Habeas Corpus. Application by Chan Hai for writ to secure release from custody. Writ denied.

The petitioner, an infant 19 years of age, an orphan, born in China of a Chinese father and a Filipino mother, a resident of Manila, Phillipine Islands, after March 8, 1925, seeks admission to the United States as a merchant, and presents a certified copy of section 6, Chinese Exclusion Act (Comp. St. § 4293). Certificate duly issued. He was denied admission. He says a fair trial was denied him. He possesses exchange in the sum of $1,000, but has no other funds. He claims to be engaged in the exporting and importing business in Manila with his six brothers, the oldest of whom is 26 years, and the youngest 17 years, of age, since April 1, 1925. The $1,000 is income from his salary. His total financial worth is "a little over $2,000 gold." The value of the business at the time the certificate was issued, in September, 1925, he says, was a little over $5,000 in gold. The original contribution to the capital of the concern was a little over $2,000. Before leaving China for Manila, he sold some property for $600 or $700, and one of his brothers gave him the balance of the money to make up the sum contributed to the business. Three brothers were denied admission. The testimony in those hearings, which is made a part of this hearing, disclosed that the brothers, on arrival, had in their possession $45, $40,

and $13, respectively. Each claimed to be working in stores—one in a grocery store, one in a hardware store, and one is a general worker in a store. The petitioner says he was sometimes head bookkeeper, sometimes assistant. He has no friends or acquaintances in this country, is an utter stranger, and has had no correspondence with any one with relation to business or otherwise.

Hugh C. Todd, of Seattle, Wash., for petitioner.

C. T. McKinney, U. S. Asst. Dist. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge (after stating the facts as above). [1-4] I think there is evidence that the certificate, waiving the fact that it is a certified copy, has been fairly contradicted. The term "merchant" has a definite meaning. It has been defined to be strictly a buyer, but by extension includes one who sells. Kinney, Law Dict. and Glos. 459. A merchant is one who traffics or carries on trade with foreign countries, or who exports and imports goods and sells them by wholesale. Webster, Dict.; Bouvier's Law Dict. A person engaged in buying and selling merchandise at a fixed place of business, which business is conducted in his name, and who during the time does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant. Tom Hong v. U. S., 24 S. Ct. 517, 193 U. S. 517, 48 L. Ed. 772.

To buy and sell, a person must be competent to contract and to carry forward the business, and qualified to meet the exigencies of trade. An infant is incompetent to contract, except for the necessaries of life. The incapacity to contract bars ratification of it. The fact that an infant undertakes to trade or engage in business for himself does not cure his incapacity. Sanger v. Hibbard, 104 F. 455; 43 C. C. A. 635. While an infant may become a partner with an adult, such agreement is voidable at his election. Continental National Bank v. Strauss, 32 N. E. 1066, 137 N. Y. 148.

[5] I believe a fair construction of the treaty provision implies persons competent to carry on the business of merchant or trader in the usual fashion without legal impediment. There is evidence in the case to sustain the department that the petitioner has not qualified under section 6 of the Exclusion Act, and, if admitted, would likely become a public charge.

Writ denied.