## In re LOW YIN.

(District Court, D. Massachusetts. April 13, 1926.)

No. 3256.

1. Aliens ⇒25—Right of Chinese to remain in United States as merchant depends on his status at time of entry (Treaty with China, art. 2 [22 Stat. 827]; Act July 5, 1884, amending Act May 6, 1882 [Comp. St. § 4293]).

Right of alien to enter and remain in United States as Chinese merchant, under Treaty with China, art. 2, and Act July 5, 1884, amending Act May 6, 1882, § 6 (Comp. St. § 4293), depends on his status at time of entry.

2. Aliens ⇒24—Chinese seaman, rescued at sea, who became partner in restaurant and acted as cook therein, held "laborer," subject to deportation for being unlawfully in United States (Treaty with China, art. 2 [22 Stat. 827]; Act July 5, 1884, amending Act May 6, 1882, § 6 [Comp. St. § 4293]).

Chinese seaman, rescued at sea and brought into United States, who thereafter became a partner in restaurant, his duties being those of cook, was a "laborer," subject to deportation for being unlawfully in United States, and not a Chinese merchant, within Treaty with China, art. 2, and Act July 5, 1884, amending Act May 6, 1882, § 6 (Comp. St. § 4293).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Laborer.]

Deportation proceeding against Low Yin. From an order of the United States commissioner, ordering his deportation as a Chinese laborer unlawfully in the United States, Low Yin appeals. Appeal dismissed, and deportation order affirmed.

Everett F. Damon, of Boston, Mass., for petitioner.

Harold P. Williams, U. S. Atty., and Joseph W. Schenck, Asst. U. S. Atty., both of Boston, Mass., opposed.

BREWSTER, District Judge. Low Yin is a person of Chinese descent, possessing no papers. He was a seaman on the vessel Diomed, which was destroyed during the late World War by a German submarine. After the destruction he was rescued and brought to the United States. He was not admitted as a seaman, and no certificate of identification was issued to him. Since he landed, he has become a partner in a restaurant in Boston and devotes his whole time to the business of the restaurant. His duties are those of cook.

He was arrested and brought before the United States commissioner, who, after hearing, found that he was unlawfully within the United States as a Chinese laborer, and ordered his deportation. Defendant appealed to this court.

It is now claimed that Low Yin is a Chinese merchant. It cannot be said, however, that he proceeded to the United States as a Chinese merchant, within the meaning of article 2 of the Treaty (22 Stat. 826, 827), nor does he produce the certificate required by section 6 of the Act of July 5, 1884, 23 Stat. 115, 116 (Comp. St. § 4293).

[1, 2] While it is true that the alien was allowed to land, it is equally true that he was

not then admissible, and could only have been admitted temporarily. This temporary admission was neither sought nor granted. If we assume that since his arrival he has acquired the status of a merchant, we do not help the alien, because it is well settled that the right to come into and remain in the United States depends upon the status at the time of entry. Tulsidas v. Insular Collector, 262 U. S. 258, 43 S. Ct. 586, 67 L. Ed. 969; Ewing Yuen v. Johnson (D. C.) 299 F. 604. But the commissioner decided that Low Yin was a laborer, and not a merchant. I think this decision is justified by the law and the facts. See Weedin v. Wong Jun (C. C. A.) 7 F.(2d) 311; In re Ah Yow (D. C.) 59 F. 561.

The appeal is dismissed, and the deportation order of the commissioner is affirmed.