**UNITED STATES ex rel. WONG SAI CHAAM v. COMMISSIONER OF IMMIGRATION AT PORT OF NEW YORK.**
**No. 260.**

Circuit Court of Appeals, Second Circuit.
March 9, 1931.

James C. Thomas, of New York City, for appellant.

Robert E. Manley, Acting U. S. Atty., of New York City (Ernest Lappano, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant applied for admission as a minor son of a Chinese merchant domiciled in the United States. It is conceded that he is the minor son of Wong Sai Chaam, a resident of New York, and the sole issue now is the mercantile status of the father.

Wong Sai Chaam entered this country at Seattle on May 25, 1922, as a merchant. Until January 30, 1929, he was a member of the Sun Ligh Jewelry Company, 11 Pell street, New York, N. Y., and his mercantile status as of that time is conceded. He sent to China for his son, the appellant, but, before the son arrived and applied for admission, the Sun Ligh Jewelry Company in December, 1929, became bankrupt, ceased to do business, and Wong Sai Chaam became connected with the Quong Jue Restaurant at 2143 Seventh avenue, New York, N. Y., on or about January 1, 1930. He claimed, and introduced evidence to prove, that he was the manager of the restaurant. There was evidence that a man named Wong Suen managed that restaurant and two others under the same ownership, and the Board of Review, failing to find that Wong Sai Chaam was the manager, dismissed the appeal from the Board of Special Inquiry on the ground that "there has not been a reasonable showing that the alleged father is a merchant at this time or has been a merchant since the failure of the jewelry concern."

It was proved that Wong Sai Chaam had purchased a $500 interest in the Quong Jue Restaurant, a partnership business, while he was with the Sun Ligh Jewelry Company, and that he had held such interest ever since he acquired it; that his interest appeared in his name on the books of the partnership; that he performed no manual labor, did not cook or act as a waiter, but did often act as a cashier when the cashier was absent. He bought the Chinese groceries, and, even though he failed to establish the fact that he was the manager of the restaurant, it is plain that he did nothing which would not ordinarily be done by the manager. He was paid a salary of $120 a month.

Our decision need not require any review to determine whether or not the appellant was accorded a fair hearing. It is dependent rather upon whether the conclusion that Wong Sai Chaam was not proved to be a merchant is based on a proper construction of law. The question presented is whether he ceased to be a merchant on account of his employment in the restaurant in the manner above stated in January, 1930. As the manager of the restaurant he would have been a merchant. Weedin v. Wong Jun (C. C. A.) 7 F.(2d) 311. After alluding to the different views which have been entertained regarding the status of a restaurant keeper, it was held in the above case that he was a merchant within the meaning of the Chinese Exclusion Act (8 USCA § 289). We have already held that the proprietor of a restaurant is a merchant. United States v. Lee Chee, 224 F. 447 (C. C. A. 2).

In reaching the conclusion that Wong Sai Chaam was not a merchant, too much emphasis seems to have been placed on the failure to prove him to be the manager of the restaurant and not enough on the fact that he was one of the proprietors owning a real interest in the business standing in his name as shown by the partnership books. It follows from U. S. v. Lee Chee, supra, and Weedin v. Wong Jun, supra, that a restaurant is a mercantile business. Since Wong Sai Chaam owned an interest in this business in his own name and performed no manual labor, or certainly none not necessary to the conduct of the restaurant, he was a merchant. Lee Kan v. United States (C. C. A.) 62 F. 914; Tom Hong v. United States, 193 U. S. 517, 24 S. Ct. 517, 48 L. Ed. 772. Under these circumstances, it was enough to show him to be a part owner of the business and quite unnecessary to prove that he was also the manager. Thus the appellant has established his right to admission as the minor son of a domiciled merchant.

Orders reversed and appellant discharged.