**NG GUN YOW v. UNITED STATES.**
**No. 1824.**

Circuit Court of Appeals, Tenth Circuit.
June 21, 1939.

John Embry, of Oklahoma City, Okl. (Embry, Johnson, Crowe & Tolbert, of Oklahoma City, Okl., on the brief), for appellant.

John Brett, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Shawnee, Okl., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

On December 16, 1936, complaint was filed by an immigration inspector before George J. Eacock, United States Commissioner, charging Ng Gun Yow with being a Chinese laborer without a certificate of residence and being unlawfully in the United States.

At the hearing before the Commissioner, a transcript of the inspector's examination and certain oral and documentary evidence was introduced and order of deportation entered, from which Ng Gun Yow appealed to the United States District Court for the Western District of Oklahoma.

At the trial in said court the transcript of the examination by the inspector and the proceedings before the commissioner was introduced in evidence. Ng Gun Yow relied upon a certificate of residence dated May 25, 1894. At the trial, evidence was introduced establishing that this certificate was not issued to Ng Gun Yow.

During the examination by the inspector, Ng Gun Yow stated that he was employed in the Kingman Cafe at Oklahoma City, Oklahoma, as a laborer and that he had always worked in a restaurant as a laborer. At the hearing before the Commissioner he testified that "he was working at the Kingman Cafe on Grand Avenue. That he had been in this cafe since 1913 and was now one of the partners. That he did dish-washing, laundry and everything."

Other witnesses testified that Ng Gun Yow obtained ownership of a share in the Kingman Cafe in 1920.

During the examination by the inspector and at the hearing before the Commissioner and the trial court, Ng Gun Yow testified that the certificate of residence was issued to him. The trial judge stated to Ng Gun Yow that he did not believe he was telling the truth, and would give him until the following morning to consider whether he would tell the truth.

The following morning counsel for Ng Gun Yow made an offer of proof in which all of his former testimony was repudiated, except as to the claim of partnership in the Kingman Cafe, and offered to show by proof that his father was a Chinese merchant in San Francisco; that after his father acquired that status he brought Ng Gun Yow to San Francisco, while he was a minor of the age of 16 years, and that Ng Gun Yow was a merchant at the time of his arrest, and therefore not subject to the Chinese Exclusion Act, 8 U.S.C.A. § 263 et seq.

This proof as offered was rejected on the ground that the facts thus offered to be proved would not constitute a defense and the court entered an order of deportation.

▮ If Ng Gun Yow was in fact a merchant at the time he was arrested and charged with being unlawfully in the United States, notwithstanding he had theretofore been a laborer, his status as merchant would operate as a good defense. 8 U.S. C.A. § 289; Ex parte Ow Guen, D.C.Vt. 148 F. 926; Tom Hong v. United States, 193 U.S. 517, 24 S.Ct. 517, 48 L.Ed. 772; United States ex rel. Wong Sai Chaam v. Commissioner, 2 Cir., 48 F.2d 204.

▮ Error was committed in rejecting the proffered proof to establish Ng Gun Yow as a merchant. Whether the court should have permitted Ng Gun Yow to recant his former testimony in other respects was a matter resting in a measure in the trial court's discretion, which does not appear to have been abused.

The order of deportation is reversed and the cause remanded with directions to receive the evidence as offered on the issue of Ng Gun Yow's status as a merchant, and for further proceedings not inconsistent with this opinion.