UNITED STATES v. LUNG HONG.

(District Court, N. D. Ohio, W. D.    May 5, 1900.)

No. 1,146.

DEPORTATION OF CHINESE—BURDEN OF PROOF—MERCHANTS.

The burden rests upon a Chinaman arrested for deportation, as being unlawfully within the United States, to prove that he belongs to one of the privileged classes named in the statute; and when he claims to be a merchant he must show a fixed place of business, and such frequent sales of merchandise as entitle him to be considered a merchant, within the ordinary meaning of the term, or an actual and substantial interest in some firm of such merchants.

Proceeding for Deportation of Defendant as a Chinese Laborer.

Robert Tucker, Asst. U. S. Atty.
J. M. & W. F. Brown, for defendant.

RICKS, District Judge. This is a proceeding on the part of the United States to have Lung Hong, a Chinaman, removed from the country on the ground that he was unlawfully found here. The facts are, briefly stated, that on the 13th day of January, 1900, he was found in a Chinese laundry at Lima, Ohio. At the time he was so found, he was laboring in the laundry, and, according to a stipulation agreed to between the parties, he had been laboring in this laundry for six months or more, and was, therefore, within the meaning of the statute, a common laborer. The defense made is that he came within the privileged classes named in the several Chinese exclusion acts, and that he was a merchant doing business at No.

321 South Clark street, in the city of Chicago, Ill. The whole case turns upon the question of fact whether or not this defendant was a merchant in the city of Chicago, and was, therefore, one of the privileged class named in the acts of congress. The courts have repeatedly held that, in order to avail himself of this defense, it is necessary for the Chinaman to show an actual substantial interest in some firm, if he pretends to have been a partner in the merchandising business, or, if he was a dealer in his own name, that he must have a fixed location, where his wares are kept or sold, and such frequent sales of merchandise as entitle him to be considered as a merchant, within the ordinary meaning of that term. The evidence relied upon to show that the defendant was a merchant is based largely upon the deposition of Dr. Wilder, who now lives at Sharon Springs, Kan. This doctor, at the time he lived in Chicago, was patronized largely by Chinese, and says he remembers this store, and remembers seeing the defendant about the premises, and that he was told that he was a merchant, and one of the firm. It seems from the testimony that this firm was rather elastic in its nature, in so far as the number of partners was concerned. There were frequent fluctuations in the number of partners, and in the extent to which the partners participated in the dealing. I think, under the strict ruling of the courts, that the defendant cannot be said to have been a merchant, having a fixed, substantial interest in the firm, which was indicated either by his own name appearing in the partnership firm name, or by some other evidence of interest such as is ordinarily found among partners doing business in this country. Counsel for the defendant insists that the burden of showing that the defendant was not a merchant is upon the government, but the holding of the courts is exactly to the contrary. Judge Severens' opinion, cited by counsel for the government, it seems to me, is conclusive of this question. He says that, although it is contrary to the legal rule, the presumption of innocence does not follow the defendant, but that the burden rests upon him to make out his defense, and that this must necessarily be so if the government expects to protect itself and its citizens from an influx of these people. It is easier for them to prove an affirmative than it is for the government to prove the negative. There was no attempt, therefore, on the part of the government to prove affirmatively that the defendant was not a merchant, but it relied upon the fact that the defendant had failed to make out that he belonged to the privileged class, and in this I think the government is correct. Therefore, without further reviewing the facts or the acts of congress, I find the defendant is unlawfully within this country, and, under the act, must be deported to his own country. An order will be drawn accordingly, and the marshal will execute it as provided by law.