## UNITED STATES v. AH CHUNG.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1904.)

No. 1,022.

1. ALIENS—CHINESE—EXCLUSION—RESIDENCE—PRESUMPTIONS.

In proceedings for the deportation of a Chinaman, the fact that he was permitted to live in the United States for 19 years without molestation was insufficient to raise a presumption that his arrival antedated the date on which the exclusion act (Act May 6, 1882, c. 126, 22 Stat. 58, as amended by Act July 5, 1884, c. 220, 23 Stat. 115 [U. S. Comp. St. 1901, p. 1305]), went into effect, he never having registered as a laborer or merchant as required by law.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

Jesse A. Frye, U. S. Atty., for appellant.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. Accepting the appellee's testimony as true, he came to the United States from China prior to Chinese Exclusion Act May 6, 1882, c. 126, 22 Stat. 58, and, of course, prior to the similar act of 1884 (Act July 5, 1884, c. 220, 23 Stat. 115 [U. S. Comp. St. 1901, p. 1305]), and subsequent acts of Congress upon the same subject, although he did not give the exact date of his arrival at San Francisco. He was then 12 years old, and at once engaged in manual labor. He claims to have since become a merchant. He has remained in this country continuously, but never registered either as a laborer or as a merchant under the laws of Congress in respect to that matter. The court below held (reversing the action of the commissioner) that, the appellee "having been permitted to live in this country for nineteen years without molestation, there is a reasonable presumption that his arrival antedated the exclusion act, or at least the date on which it went into effect, rather than that his entrance was clandestine." In cases of this character there is no such presumption. United States v. Wong Dep Ken (D. C.) 57 Fed. 206; United States v. Lung Hong (D. C.) 105 Fed. 188; United States v. Chun Hoy, 111 Fed. 899, 50 C. C. A. 57; United States v. Chu Chee, 93 Fed. 797, 35 C. C. A. 613; United States v. Yong Yew (D. C.) 83 Fed. 832; Li Sing v. United States, 180 U. S. 486, 21 Sup. Ct. 449, 45 L. Ed. 634.

The judgment must be reversed, and the cause remanded to the court below, with directions to affirm the judgment of the commissioner directing the deportation of the appellee to China.

¶ 1. Citizenship of the Chinese, see notes to Gee Fook Sing v. U. S., 1 C. C. A. 212, and Lee Sing Far v. Same, 35 C. C. A. 332.