Ex parte OW GUEN.

(District Court, D. Vermont. June 20, 1906.)

1. ALIENS—CHINESE—UNREGISTERED LABORERS—MERCHANTS.

Chinese Exclusion Act May 5, 1892, c. 60, § 6, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1321], provides that an unregistered Chinese laborer, if found in the United States by certain officers, shall be adjudged to be unlawfully there, and may be taken before a judge and ordered to be deported. *Held*, that such section did not prohibit an unregistered laborer from remaining in the United States until proceeded against, and hence, prior to the taking of such proceedings, he was entitled to become a merchant and to the immunities accorded to them.

[Ed. Note.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

2. SAME—PROCEEDINGS—INVESTIGATION.

Where, on the return of a Chinese person to the United States, his claim that he was a merchant at L. was not investigated by the immigration officers, but he was deported, because of his former status as an unregistered laborer, such decision was not conclusive against his right to again enter the United States by virtue of his being a merchant in L., established by two credible witnesses other than Chinese, as provided by Chinese Exclusion Act May 5, 1892, c. 60, § 6, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1321].

3. SAME—WAIVER.

Where a Chinese person was entitled to re-enter the country by virtue of his being a merchant at L., the fact that, on his attempting to enter a second time after being deported, he put forward the unfounded claim that he was entitled to enter as a merchant at B., did not constitute a waiver of his rights based on the facts that he had been a merchant at L.

On Habeas Corpus.

Fuller C. Smith, for relator.

James L. Martin, U. S. Atty.

WHEELER, District Judge. The relator is a Chinaman, and came to the United States about 1885, and in 1893 appears to have some interest with his uncle as a merchant in Boston, and for that reason did not become registered as a laborer. Afterwards he was for several years a laundryman at Lowell, till 1901, when he became a merchant there and was engaged wholly in that business, having over $1,500 capital of his own therein and three partners having in it $800, $700, and $500, respectively. In 1903 he went to China, leaving affidavits of two white witnesses as to his being a merchant at Lowell, and returned there for admission, and was refused on examination and appeal, and deported to China, because, although a merchant in fact, he was said not to be in law, as he had been a laborer and remained

unregistered. He now came here again and applied for admission as a merchant in Boston under a different arrangement of his names, and, being recognized, at first denied, and then acknowledged, his former application. His claim as to being a merchant in Boston was investigated and found wanting, but not that as to being a merchant in Lowell, and he was ordered to be deported because he had been an unregistered laborer, as before, and this decision was affirmed by the Secretary of Commerce and Labor on appeal, and he applied for this writ.

The relator insists that, being a merchant in fact in the United States, he had a right to return on compliance with the law, and that the decision of the immigration officers that his former status as a laborer excluded him is not final. The Government insists that while he was an unregistered laborer he could not lawfully remain here and become a domiciled merchant, under section 6 of Act May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1321], and that the decision of these officers is final here. This section 6, however, does not provide that an unregistered laborer should not remain in the United States, but only if found there by certain officers, he should be adjudged to be unlawfully there and might be taken before a judge and ordered to be deported. He would in fact be here and be entitled to all the rights of a resident alien till so proceeded against, adjudged, and ordered. He would have, among others, the right to become a merchant, and when he did so he had all the rights under the law, of a merchant.

His right to return to this country was not investigated at all, as is now shown by the testimony of the inspector in charge of the case, but admission was denied because of his former status as a laborer. He was thereby restrained of his liberty as to this country until he appeared again, and then his claim of being a merchant at Lowell finally remained before the immigration officers and was ignored, although that of being a merchant in Boston was looked into. These rights were not so inconsistent that putting forward one would waive the other. He was still entitled to return on his right as a merchant of Lowell established by two credible witnesses other than Chinese, in full accordance with this section 6 of the Act of 1892 in question.

The decision of the immigration officers is made and held to be final and conclusive of the right of a Chinese person to come into this country, but it is understood that the right must be passed upon to have the decision become so. U. S. v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917; United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040. Judgments of courts having jurisdiction generally draw in and conclude all questions necessary to their determination, but not others; and that others were not passed upon may be shown. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. The effect of the decision of these executive tribunals would seem to be more limited, and their grounds more provable, especially in the broad inquiry provided for in habeas corpus proceedings. The relator has shown clearly by the same witnesses to his merchant papers

of Lowell that he was and is entitled to return to the United States as such merchant, and that not this right, but only that of an unregistered laborer, has been passed upon. He therefore seems to be unlawfully restrained of his liberty for the purpose of deportation, and entitled to be discharged.

Relator discharged.