## UNITED STATES v. LEE YOU WING.

(Circuit Court of Appeals, Second Circuit. February 17, 1914.)

No. 127.

1. ALIENS (§ 32*)—CHINESE PERSONS—DEPORTATION—DEFENSES—BURDEN OF PROOF.

A Chinaman, relying on the defense, in a deportation proceeding, that he is a merchant, has the burden of proving it.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 25*)—CHINESE PERSONS—DEPORTATION—MERCHANTS.

In order that a Chinese person may be exempt from deportation as a merchant, as provided by Act Cong. May 5, 1892, c. 60, 27 Stat. 25, as amended by Act Nov. 3, 1893, c. 14, § 2, 28 Stat. 8 (U. S. Comp. St. 1901, p. 1322) he must have had a substantial and real interest in a merchantable business, though his own name need not necessarily appear in the firm style, when the business is carried on under a company name which does not include the names of the individuals interested therein.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 79–82; Dec. Dig. § 25.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

3. ALIENS (§ 23*)—CHINESE PERSONS—DEPORTATION—MERCHANTS.

Defendant was born in China in 1870, and came to San Francisco in 1890 with $800 in American money. He joined two others in operating a drug business, which they continued until 1906, when it was destroyed by earthquake. He then went to Oakland, where he remained for a short time, then went to New York City, having $1,500 in United States currency, finally establishing himself in New Jersey as partner in a grocery business, in which he invested about $1,000. This was unsuccessful, and after losing some $200 he sold his interest and purchased a laundry, and while engaged in the laundry he was arrested as a Chinese laborer unlawfully within the country. In 1910, contemplating a visit to China, he applied for a certificate that he was a merchant to enable him to return, but, though this was denied, no steps were taken to deport him until October 22, 1912. Held, that defendant was a merchant during the period of registration prescribed by Act Cong. May 5, 1892, c. 60, 27 Stat. 25, as amended by Act Nov. 3, 1893, c. 14, 28 Stat. 8 (U. S. Comp. St. 1901, p. 1322), and, not being required to register under that act, was not subject to deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 76–90; Dec. Dig. § 23.*]

Appeal from the District Court of the United States for the Southern District of New York.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Chinese deportation proceedings by the United States against Lee You Wing. From a judgment of the District Court (208 Fed. 166), reversing an order of the United States Commissioner directing defendant's deportation, the United States appeals. Affirmed.

H. Snowden Marshall, U. S. Atty., and Frank M. Roosa, Asst. U. S. Atty., both of New York City.

James A. Donegan, of New York City, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The United States Commissioner for the Southern District of New York, after a hearing, issued an order on January 30, 1913, directing that the defendant be deported from the United States to China on the ground that he is unlawfully in the United States, being a Chinese person of Chinese descent and a laborer, and without a certificate of residence, as required for Chinese laborers under the act of Congress of May, 1892, as amended November 3, 1893. The defense is that he was a merchant and as such not required to have a laborer's certificate.

The act of Congress made it the duty of certain Chinese laborers within the limits of the United States to apply to the Collector of their respective districts within six months after the passage of the act for a certificate of registration, and, in default of compliance with the terms of the act, they were to be subject to arrest and deportation, unless, for certain reasons given in the statute excusing them, they were unable to procure the certificate required by law.

Section 2 of the act provided as follows:

"The words 'laborer' or 'laborers,' wherever used in this act, or in the acts to which this is an amendment, shall be construed to mean both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling laundrymen or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation.

"The term 'merchant,' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant."

If the defendant was a merchant, he was not required to register under the terms of the act and could not be deported for failing so to do, when found without a registration certificate. The period of registration was from and including May 5, 1892, to May 3, 1894. If the defendant was, in fact, a merchant during that period, he was not required by the act to register.

[1] The courts have held in some cases that a Chinaman relying on the defense that he is a merchant has the burden of proving it. United States v. Lung Hong (D. C.) 105 Fed. 188. In Tom Hong v. United States, 193 U. S. 517, 521, 24 Sup. Ct. 517, 519 (48 L. Ed. 772), the Supreme Court expressly refrained from passing on that question, saying:

"We do not find it necessary to determine this question in the cases now before us."

[2] The Supreme Court has held that in order to be a "merchant," and as such exempt from the necessity of registering, the man must have a substantial and real interest in the business, although his own name need not necessarily appear in the firm style when the business is carried on, as is usual among the Chinese, under a company name, which does not include individual names. Tom Hong v. United States, supra (1903). The court in that case declared:

"The main purpose is to require the person to be a bona fide merchant, having in his own name and right an interest in a real mercantile business, in which he does only the manual labor necessary to the conduct thereof."

[3] The defendant testified that he was born in China in 1870, and came to San Francisco in 1890 with $800 in American money, where he established himself in a partnership with two others in a drug business, which they conducted until 1906, when he abandoned it on account of the earthquake. After giving up this business in San Francisco, he went to Oakland for a short time and from there came to New York City, having $1,500 in our money. He finally established himself in Newark, N. J., where he became a partner in a Chinese grocery in which he claimed to have invested $1,000. After continuing in Newark for about three years and losing some $200 in his venture, he sold his interest and returned to New York City, where he purchased a laundry. And it was while he was engaged in working there that he was in October, 1912, arrested on the charge that he was a Chinese laborer unlawfully within the country, being without the certificate which the statute required persons of that class to possess.

It appears that in 1910 he contemplated a visit to China and applied for a certificate that he was a merchant, which would entitle him to return to the United States, and that this was denied him on the ground that he was not a merchant but a laborer.

The court below attached, and we think properly, some significance to the fact that, although he was refused a certificate on April 8, 1910, no steps were taken to have him deported until October 22, 1912, two years and six months afterwards. If he was unlawfully within the country in 1910, it was the duty of the officials of the government to have taken steps at that time to have him arrested and deported. The fact that during this long period of inaction the government made no move against him implies a lack of confidence in its case. We are also inclined to attach some importance to the fact that the defendant voluntarily applied to the government officials in 1910 for a certificate to establish his status as a merchant. It is extremely doubtful whether he would have ventured to make such an application if he had entertained a doubt as to his ability to establish the facts necessary to sustain his application, with the danger of deportation threatening him if he brought the matter to the attention of the government and failed to secure the certificate.

We are confronted in this case, as in Chinese cases usually, with evidence more or less contradictory and inconsistent. The defendant's testimony was considerably confused and we have noted that he contradicted his own testimony many times. But the fact is not to be overlooked that the only material fact in the case is whether or not the de-

fendant was a merchant during the period of registration. If he was, he cannot be deported, although he may subsequently have become a laborer. That he was a merchant in San Francisco and in Newark was not only testified to by the defendant but his testimony was corroborated by that of other witnesses. There was positive testimony to show that he had an actual interest in the firms in which he claimed to be a member. We fail to find in the record any evidence which contradicts his contention and the corroborative testimony that he was a merchant in San Francisco for 13 years until the earthquake destroyed his business and dissolved his firm. We are not prepared to disregard all his testimony because of his erroneous and contradictory statements of events which occurred over 20 years ago. The court may well take into consideration the fact that this man is a foreigner, uneducated, and with such slight knowledge of our language that it was necessary to take his testimony through an interpreter, whose knowledge of English may not have been greatly superior to his own.

The evidence upon the whole, unsatisfactory and incomplete though it may be, has led us to the conclusion that this man was in fact a merchant within the meaning of the statute during the registration period, and that he was therefore not required to have a laborer's certificate.

The judgment of the court below is affirmed, and the defendant is discharged.