LOW CHO OY v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1927.)

No. 4941.

Aliens ☞25—Chinese student, having small interest in mercantile company, for which he worked part time, held merchant, whose wife was entitled to enter.

Chinese student, having an interest of $500 in a mercantile firm, where he worked without salary before and after school hours, *held* a merchant, whose wife was entitled to entry.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Application by Low Cho Oy for writ of habeas corpus, to be directed against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. From a judgment denying the application, applicant appeals. Reversed, and cause remanded, with instructions.

Stephen M. White, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

GILBERT, Circuit Judge. Yee Fook Poy had been admitted to the United States in 1907 as the minor son of a domiciled Chinese merchant. In 1923 he returned to China. There he married the appellant, and in 1926 he brought her to the United States. She applied for admission on the ground that her husband had been a merchant in the United States for at least 12 months prior to his departure for China. The immigration authorities rejected the husband's claim of a mercantile status, but admitted him on the ground that he was a student, and had been a student in the United States for at least 12 months prior to his departure therefrom. The court below denied the appellant's application for writ of habeas corpus.

The denial of the appellant's right to admission was based wholly upon a legal conclusion drawn from established facts. It was shown that, prior to Yee Fook Poy's depar-

ture for China, he had and still retains an interest of $500 in the Jing Yuen Company, at San Francisco, of which his father is the manager; that during the year prior to his departure for China he was attending school, and before and after school hours was engaged in the store of Jing Yuen Company; that his name appeared upon the list of the members of the firm as a silent member thereof; that he received no salary from the firm, but received his proportionate share of profits, which were distributed alike to active and silent members.

The conclusion of the board of special inquiry, which was affirmed by the Secretary of Labor, that Yee Fook Poy was not a merchant, was based upon the fact that prior to his departure from the United States he did not devote his entire time to the business of Jing Yuen Company and drew no salary therefrom. It seems to be conceded that while in the United States he performed no manual labor at any time, and that his services to the firm of which he was a member consisted in assisting his father in keeping the book accounts before and after school hours.

We are unable to agree that, under the treaty between China and the United States and the statutory enactments made in pursuance thereof, a member of a mercantile firm is not to be classed as a merchant unless he receives compensation for services rendered in connection with its business, or is possessed of a greater interest therein than $500. There is no warrant for saying that the privileges accorded to merchants as stipulated in the treaty were intended for the benefit only of merchants engaged in business on a large scale. It is sufficient, we think, to justify admission under the treaty and the statutes, that the appellant belongs to the mercantile class, and is not a manual laborer.

Liberal provision was made for the admission of teachers, students, merchants, and travelers, "together with their body and household servants," and the rights conferred upon them were broad and inclusive. Against the admission of laborers only were the bars tightly drawn. Said the court in Low Wah Suey v. Backus, 225 U. S. 464, 475, 32 S. Ct. 734, 738 (56 L. Ed. 1165): "The real purpose of the statute was not to prevent the persons named, who under the second article of the treaty had the right to come into this country, from entering, but was to prevent Chinese laborers from entering under the guise of being one of the classes permitted to enter." There is no claim here that Yee Fook Poy was endeavoring to enter with the intention of engaging in manual labor, other than

such as might be necessary in carrying on the business of a merchant. We hold that the facts as found by the immigration authorities were sufficient to establish his mercantile status.

The judgment is reversed, and the cause is remanded, with instructions to issue the writ.