## UNITED STATES v. JIN YUEN (Goon).

District Court, N. D. Illinois, E. D.    May 26, 1928.

### No. 34846.

**1. Aliens ⬗⟹31—Chinese merchant, during registration period, cannot be deported, though subsequently becoming laborer (Chinese Exclusion Act [8 USCA § 263 et seq.]).**

Chinese person, who was a merchant during period of registration provided in Chinese Exclusion Act (8 USCA § 263 et seq.), cannot be deported, though subsequently becoming a laborer.

**2. Aliens ⬗⟹31—Chinese person, coming to United States with parents when father was merchant, held legally within United States.**

Chinese person, coming to United States with his parents at the age of about five years, at a time when his father was member of Chinese mercantile concern, *held* legally within United States.

Deportation Proceeding. Application by the United States for the deportation of Jin Yuen (Goon). Defendant discharged.

George E. Q. Johnson, of Chicago, Ill., for plaintiff.

Frank T. Milchrist, of Chicago, Ill., for defendant.

LINDLEY, District Judge. The government seeks an order of deportation of the defendant under the Chinese Exclusion Act (8 USCA § 263 et seq.). At the time of his arrest defendant was a Chinese laborer, within the limits of the United States without any certificate of registration. The undisputed evidence is that he is a Chinese person 53 years of age, who came to the United States with his parents when he was about 5 years old. His father was then a member of a Chinese mercantile concern in San Francisco, and later died; the property interests being inherited by defendant's mother, who returned to China shortly afterward and died prior to the enactment of the Exclusion Act.

Defendant, remaining in the United States, thereupon inherited the interest in the San Francisco store and remained there, helping conduct the same, until the earthquake in San Francisco in 1906, when the business was destroyed. During the period of registration provided in the Chinese Exclusion Act, defendant was a member of this mercantile firm and became a laborer only after the destruction of his business in 1906.

[1, 2] Under the law, the defendant having been a merchant during the period of registration, he may not be deported, although he may subsequently have become a laborer. United States v. Lee You Wing (C. C. A.) 211 F. 939. That the defendant was legally within the United States appears from the fact that the wife and children of Chinese merchants have the right to come to and be and remain in the United States. United States v. Mrs. Gue Lim, 176 U. S. 459, 20 S. Ct. 415, 44 L. Ed. 544.

It follows that the defendant must be and is hereby discharged.