## YUEN FONG v. UNITED STATES.
### No. 5275.

Circuit Court of Appeals, Third Circuit.
March 22, 1935.

Rehearing Denied April 29, 1935.

William P. Cairo and Adrian Bonnelly, both of Philadelphia, Pa., for appellant.

194

J. Cullen Ganey, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts in this deportation case are, as stated by the court below, as follows: "The defendant is a native of China. He went to Vancouver and from there to the United States in 1912. He went from San Francisco to Chicago and came from Chicago to. Philadelphia. He has resided here or in this vicinity since. The attempt to deport any one after twenty-one years' residence gives rise to the question of why. Even the United States Attorney calls this a 'hard case.' No aspersions are cast upon 'either the private character or public conduct of the defendant. On the contrary, he is given credit for being of good repute both in respect to moral character and civic usefulness."

The right of the appellant to remain in the United States depends, not on his conduct after arrival, but on his status upon arrival. Not being of an excluded class, the pertinent law is section 6 of the Act of July 5, 1884. (8 USCA § 265), which so far as pertinent, provides for a permit issued. by the Chinese government visaed "by the indorsement of the diplomatic representatives of the United States in the foreign country from which said certificate issues." The act (section 6) further provides: "Such certificate visaed as aforesaid shall be prima facie evidence of the facts set forth therein, and shall be produced to such officer under the control of the Commissioner General of Immigration as the Secretary of Labor may designate therefor, and afterward produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States; but said certificate may be controverted and the facts therein stated disproved by the United States authorities."

As appellant never had any such certificate and visa, his entry was unlawful and his length of stay or the probity of his conduct did not legalize his illegal entry. The court below committed no error in so holding, and the order is affirmed.