## UNITED STATES v. LOU KING.

District Court, D. New Jersey.
Dec. 14, 1940.

Griffinger & Griffinger and Simon J. Griffinger, all of Newark, N. J., for appellant.

William F. Smith, U. S. Atty., and Charles A. Stanziale, Asst. U. S. Atty., both of Trenton, N. J., for the government.

WALKER, District Judge.

### Facts.

1. Lou King, alias Ah Dee, alias King Yok Lou (hereinafter referred to as "King Lou"), was born in the City of Foochow, in the Province of Fukien, China, on June 14, 1902. He is a full-blooded Chinese.

2. His father was in the tea and nut business in Foochow and King Lou assisted therein until he left for the United States in 1922, arriving here on or about November 11, 1922.

3. The nature of the work performed for a short time subsequent to arrival was that of a laborer.

4. King Lou at the present time is part owner of a restaurant, and for some years he has been an owner in whole or in part of one or more restaurants.

5. On or about February 20, 1940, he filed an Application for a Certificate of Arrival and Preliminary Form for a Declaration of Intention with the Immigration and Naturalization Service, New York. Therein he reported his arrival in the United States aboard a freighter as "a member of the crew", and this, on application to the court and by order of August 5, 1940, was amended to read "as passenger merchant".

6. On October 6, 1940, a United States Commissioner for the District of New Jersey, adjudged and decreed that King Lou had failed to establish by affirmative proof his right to remain in the United States, he being a Chinese alien laborer without a certificate of residence. Deportation to the Republic of China was ordered.

7. The matter came before the court on appeal. Evidence was introduced and the matter heard de novo. Liu Hop Fong v. United States, 209 U.S. 453, 28 S.Ct. 576, 52 L.Ed. 888.

### Discussion.

"Every Chinese person, other than a laborer, who may be entitled to come within the United States, and who shall be about to come to the United States, shall obtain the permission of and be identified as so entitled by the Chinese Government, or of such other foreign government of which at the time such Chinese person shall be a subject, in each case to be evidenced by a certificate issued by such government, which certificate shall be in the English language, and shall show such permission, with the name of the permitted person in his or her proper signature, and which certificate shall state the individual, family, and tribal name in full, title or official rank, if any, the age, height, and all physical peculiarities, former and present occupation or profession, when and where and how long pursued, and place of residence of the person to whom the certificate is issued, and that such person is entitled by this section to come within the United States. If the person so applying for a certificate shall be a merchant, said certificate shall, in addition to above requirements, state the nature, character, and estimated value of the business carried on by him prior to and at the time of his application as aforesaid. Nothing in this section shall be construed as embracing within the meaning of the word 'merchant,' hucksters, peddlers, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation. * * *

The certificate provided for in this section, and the identity of the person named therein shall, before such person goes on board any vessel to proceed to the United States, be visaed by the indorsement of the diplomatic representatives of the United States in the foreign country from which said certificate issues, or of the consular representative of the United States at the port or place from which the person named in the certificate is about to depart; and such diplomatic representative or consular representative whose indorsement is so required is empowered, and it shall be his duty, before indorsing such certificate as aforesaid, to examine into the truth of the statements set forth in said certificate, and if he shall find upon examination that said or any of the statements therein contained are untrue it shall be his duty to refuse to indorse the same. Such certificate visaed as aforesaid shall be prima facie evidence of the facts set forth therein, and shall be produced to such officer under the control of the Commissioner General of Immigration as the Secretary of Labor may designate therefor, and afterward produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to

establish a right of entry into the United States; but said certificate may be controverted and the facts therein stated disproved by the United States authorities." 8 U.S.C.A. § 265.

King Lou testified, he sailed from Shanghai and prior thereto, he paid $15 and obtained a small sheet of paper written in English, he signed it in Chinese and the man who let him walk off the boat in the United States took said paper from him.

The right of an alien Chinese to enter or remain in the United States as a member of the exempt class depends upon his possession of a valid Section 6 Certificate. (8 U.S.C.A. § 265.) Mar Yen Wing v. United States, 9 Cir., 72 F.2d 158. The required certificate and visa are necessary for entry, and entry without them is illegal, and is not legalized by the length of time thereafter spent in the United States. Yuen Fong v. United States, 3 Cir., 78 F.2d 193.

The appellant having been arrested under the Chinese Exclusion Act (popular name), must establish by affirmative proof his lawful right to remain in the United States (8 U.S.C.A. § 284), and this rule must be complied with even though he claims to be a merchant; (United States v. Chin Sing Quong, D.C., 224 F. 752, affirmed, 2 Cir., 231 F. 948; Lo Hop v. United States, 6 Cir., 257 F. 489; United States v. Lung Hong, D.C., 105 F. 188), which may be established by testimony of Chinese witnesses. United States v. Chin Sing Quong, supra; Louie Dai v. United States, 3 Cir., 238 F. 68.

The word "merchant" means a person engaged in buying and selling merchandise at a fixed place of business, which business is conducted in his name and who, during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor except such as is necessary in the conduct of his business as such merchant. 8 U.S.C.A. § 289.

To occupy the status of "merchant" within the exclusion statute, a chinese person must have a fixed, substantial and real interest in mercantile business (Quan Yuei Len v. White, 9 Cir., 297 F. 994; United States v. Lung Hong, D.C., 105 F. 188); though his own name need not appear in the firm style. Quan Yuei Len v. White, supra; United States v. Lui Lim, D.C., 4 F.Supp. 873; United States v. Lee You Wing, 2 Cir., 211 F. 939; Tom Hong v.

United States, 193 U.S. 517, 24 S.Ct. 517, 48 L.Ed. 772. He may have engaged in work after entering this country, the nature of which would classify him as a laborer, and prior to proceedings seeking his deportation, becomes a merchant, and he then is entitled to the immunities accorded said class. Ex parte Ow Guen, D.C., 148 F. 926; see also Lo Hop v. United States, supra, Louie Dai v. United States supra, and United States v. Lui Lim, supra.

The contention by King Lou that the required certificate, visaed by the diplomatic representatives of the United States in the Republic of China or a travel document by the consular representative at the port of embarkation, was obtained and delivered (it should have been displayed and retained) to the man who let him walk off the boat in the United States, raises doubt, which, however, will be resolved in his favor. The court does so because it believes an attempt was made to obtain a certificate or travel document; that in all probability, one or the other was obtained and properly visaed, otherwise King Lou would not wish to draw the attention of the United States Government to his presence by filing with the Immigration and Naturalization Service, Application for the Certificate of Arrival and Preliminary Form for a Declaration of Intention. This act can and will be treated as the act of one who had reason to believe he was rightfully here. If support is needed it can be found in the realization that the deportation process involves the fundamental rights of men regardless of origin or race (Kwock Jan Fat v. White, 253 U.S. 454, 40 S.Ct. 566, 64 L.Ed. 1010), and may result in loss of both property and life or of all that makes life worth living. Ng Fung Ho v. White, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938.

We now proceed to determine whether the Chinese person in question is a merchant entitled to immunity. He is part owner of a restaurant, buying and selling merchandise at a fixed place of business; with a fixed, substantial and real interest therein. He is a merchant. U. S. ex rel. Wong Sai Chaam v. Commissioner of Immigration, 2 Cir., 48 F.2d 204; Weedin v. Wong Jun, 9 Cir., 7 F.2d 311; In re Chu Poy, D.C., 81 F. 826; Low Cho Oy v. Nagle, Commissioner of Immigration, 9 Cir., 16 F.2d 1002; see also, 20 Op.Atty.Gen. 602; 22 Op.Atty.Gen. 324. This was his occupation when arrested

and is a good defense, although for a short time after arriving in this country he engaged in work, the nature of which is generally identified with the word "laborer". Lo Hop v. United States, supra; Louie Dai v. United States, supra; United States v. Lung Hong, supra; Ex parte Ow Guen, supra.

### Conclusions of Law.

King Lou, a Chinese person lawfully entered the United States of America, and at the time of his arrest he was a merchant entitled to the immunities accorded said class.

His appeal is therefore sustained, and the order of deportation dismissed.

An order in accordance with the foregoing will be entered.