## UNITED STATES v. LOU KING.
### No. 7635.

Circuit Court of Appeals, Third Circuit.
June 6, 1941.

Charles A. Stanziale, Asst. U. S. Atty., of Trenton, N. J. (Charles M. Phillips, U. S. Atty., of Newark, N. J., on the brief), for appellant.

Simon J. Griffinger, of Newark, N. J., for appellee.

Before BIGGS, CLARK, and GOOD-RICH, Circuit Judges.

BIGGS, Circuit Judge.

King Lou is a full-blooded Chinese who was born in the City of Foochow in the Province of Fukien, China, on June 14, 1902. His father was a merchant in Foochow and Lou assisted his father until he left for the United States in 1922. Upon his arrival in this country in November, 1922, he worked for a brief period as a laborer. At the present time he is part owner of a restaurant in the City of Newark, New Jersey and apparently has been engaged in the restaurant business for some time.

On February 20, 1940 Lou filed an application for a certificate of arrival and preliminary form for declaration of intention with the Immigration and Naturalization Service in New York City. In this application he reported his arrival in the United States aboard a freighter where he had worked as "a member of the crew". As a result of the application the Immigration and Naturalization Service became aware of his presence in the United States and he was arrested. Thereafter, a United States commissioner for the District of New Jersey decided that Lou had failed to establish by affirmative proof his right to remain in the United States, that he was an alien Chinese laborer without a certifi-

cate of residence and ordered his deportation. Lou appealed to the district court, which has appellate jurisdiction of orders of United States commissioners in cases arising under the Chinese exclusion laws, Section 25 of the Judicial Code; Act of March 3, 1911, c. 231, § 25, 36 Stat. 1094, 28 U.S.C.A. § 49. Evidence was introduced in the district court and the matter heard de novo. Liu Hop Fong v. United States, 209 U.S. 453, 28 S.Ct. 576, 52 L.Ed. 888. The question before the district court was whether when Lou entered the United States in November, 1922 he did so as a laborer, in which case his entry was illegal by reason of Section 1 of the Chinese Exclusion Act, May 6, 1882, c. 126, § 1, 22 Stat. 58, as amended, 8 U.S.C.A. § 263, or whether he entered as a merchant, in which case his entry was lawful, Section 6 of the Act of May 6, 1882, c. 126, 22 Stat. 60, as amended, 8 U.S.C.A. § 265. The district court allowed Lou's motion to amend the application to read that he had arrived in the United States "as passenger merchant", found that his entry into the United States was lawful, that immediately after his entry he was employed as a laborer but that at the time of his arrest he was a merchant. Upon these fact findings the order of deportation was dismissed.

Lou was arrested as a Chinese person found unlawfully in the United States, Act of Sept. 13, 1888, c. 1015, § 13, 25 Stat. 479, as amended, 8 U.S.C.A. § 282. When so arrested it is necessary that a Chinese person establish his right to remain in the United States by affirmative proof. The pertinent statutory provision provides "That any Chinese person * * arrested under the provision of this chapter shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States." Act of May 5, 1892, c. 60, § 3, 27 Stat. 25, 8 U.S.C.A. § 284. Louie Dai v. United States, 3 Cir., 238 F. 68, 72. A Chinese merchant is of the privileged class and may lawfully enter the United States. Article II of the treaty concluded November 17, 1880, 22 Stat. 826, provides: "Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, * * * shall be allowed to go and come of their own free will and accord * * *." In order to facilitate proof by Chinese, that they are not laborers and do belong to the privileged class of merchants the laws of the United States provide for a certificate of identity and a visa thereon (Act of May 6, 1882, c. 126, § 6, 22 Stat. 60, as amended, 8 U.S.C.A. § 265). This is commonly referred to as a "Section-Six" certificate. Section 6 of the Act of 1882 provides that a certificate visaed as provided therein "* * * shall be prima facie evidence of the facts set forth therein, and shall be produced to such officer under the control of the Commissioner General of Immigration * *, and afterward produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States; * * *." Despite the broad language just quoted the Supreme Court has ruled that a "Section-Six" certificate is not an absolute necessity for entry in the case of a merchant. Tulsidas v. Insular Collector, 262 U.S. 258, 43 S.Ct. 586, 67 L.Ed. 969. In the same case the court ruled that one claiming privilege because he belongs to the merchant class must prove that he was a merchant at the time of entry.

Has Lou met this burden of affirmative proof that he was a merchant at the time of his entry? He did not offer the documentary evidence, a "Section-Six" certificate, which would have been prima facie evidence. Lou testified that he paid the sum of fifteen dollars to an unnamed individual in Singapore for a paper to come to the United States. He did not describe the man as a Chinese official or as an American consular official, nor did he describe the contents of the paper. He did not explain why he went to Singapore for the paper although he lived in Foochow, China. The only identification of the man was that he sold tickets to America. Lou testified that when he arrived at the dock in the United States the paper which he had was taken up by some one. It will thus be seen that there are no details upon which one could properly base a finding that this paper was a "Section-Six" certificate. On the other hand there is testimony, given by Lou in the court below, that when he arrived in the United States by way of England his status was that of assistant to the cook on the vessel; that

he lost his seaman's papers and that he worked as a kitchenman after he arrived in the United States. There is testimony that Lou was a minor when he left China and had no money with which to set up a mercantile establishment. There is no evidence that Lou procured the certificate required by Section 6 of the Act of 1882, nor is there satisfactory proof that he was a passenger merchant as alleged in his amended application for arrival and preliminary form of declaration.

We are not unmindful of the circumstances of this case which compel sympathy and have reviewed the evidence with the thought in mind that the judgment of the district court should not be interfered with unless it is clear that an incorrect conclusion has been reached. See Chin Bak Kan v. United States, 186 U.S. 193, 22 S.Ct. 891, 46 L.Ed. 1121. The conclusion of the learned trial judge that Lou had proved his right to remain in the United States is subject to our review. Louie Dai v. United States, supra, 238 F. at page 74; United States v. Quan Wah, 2 Cir., 224 F. 420. As we have indicated, there is no evidence upon which to base such a finding.

The order of the court below is reversed and the cause is remanded with directions to proceed in conformity with this opinion.