## NG GUN YOW v. UNITED STATES.
### No. 2577.

Circuit Court of Appeals, Tenth Circuit.
Oct. 30, 1942.

Rehearing Denied Dec. 9, 1942.

John Embry, of Oklahoma City, Okl. (Embry, Johnson, Crowe & Tolbert, of Oklahoma City, Okl., on the brief), for appellant.

John Brett, Asst. U. S. Atty., of Oklahoma City, Okl. (Chas. E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

A complaint was filed against Ng Gun Yow before a United States Commissioner under the Act of September 13, 1888, 25 Stat. 476, 479, as amended, 8 U.S.C.A. § 282, charging that Yow was unlawfully within the United States. After a hearing, the Commissioner found Yow to be unlawfully within the United States and ordered his deportation. On appeal to the United States District Court, the order was affirmed. This court reversed. See Ng Gun Yow v. United States, 10 Cir., 105 F.2d 714. On retrial, the United States District Court again affirmed the order of the Commissioner and ordered deportation. Yow has appealed.

At the first hearing in the United States District Court, Yow undertook to show that his father was a Chinese merchant in San Francisco, and that after his father acquired that status he brought Yow to San Francisco while he was a minor of the age of 16 years, and that Yow was a merchant at the time of his arrest. At the second hearing in the United States District Court, Yow abandoned the defense that he came to this country lawfully while

326

his father was a merchant, and relied solely on the fact that his status continuously from a date prior to his arrest to the date of such hearing· was that of a merchant.

The Act of May 6, 1882, 22 Stat. 59, in part provided: "That from and after the expiration of ninety days next after the passage of this act, and until the expiration of ten years next after the passage of this act, the coming of Chinese laborers to the United States be, and the same is hereby, suspended; and during such suspension it shall not be lawful for any Chinese laborer to come, or, having so come after the expiration of said ninety days, to remain within the United States."

It was extended for an additional period of ten years by the Act of May 5, 1892, 27 Stat. 25, and was made permanent by the Act of April 29, 1902, 32 Stat. 176, as amended by the Act of April 27, 1904, 33 Stat. 428, 8 U.S.C.A. § 263.

Yow entered this country in 1890. He was then a minor and a Chinese laborer. He continued as such laborer until 1919 but did not register as a Chinese laborer under the Act of May 5, 1892, 27 Stat. 25, 8 U. S.C.A. § 287. The Registry Act made it the duty of Chinese laborers who were entitled to remain in the United States before May 5, 1892, to apply for a certificate of residence. Since Yow entered the United States unlawfully, it is doubtful that he was entitled to a certificate of residence.

The sole question presented on this appeal is whether Yow, having entered the United States unlawfully as a Chinese laborer in violation of the Chinese Exclusion Act, could thereafter acquire a preferred status by becoming a merchant and thereby avoid deportation.

Yow relies on Ex parte Ow Guen, D.C. Vt., 148 F. 926. In that case, Guen entered the United States in 1885. The opinion does not definitely disclose his status at the time of entry. He was a merchant in 1893 and did not register as a laborer. The court held that Guen had a right to remain in the United States until proceeded against, and had the right to become a merchant, and having acquired the status of a merchant, was not subject to deportation. The opinion is not entirely clear. If, as counsel for Yow contend, it holds that a member of the Chinese race who enters the United States in violation of the Chinese Exclusion Act may thereafter acquire a preferred status by becoming a merchant, it is out of harmony with other decisions.[1]

■■■ When a Chinese alien enters the United States in violation of its laws, on deportation proceedings his status at the time of the unlawful entry, and not a status subsequently acquired, is controlling. He cannot purge the unlawful entry by thereafter becoming a merchant and thereby establish his right to remain in this country.[2]

Gin Dock Sue v. United States, 9 Cir., 245 F. 308, does not support Yow's contentions. There, Sue applied for re-entry and was adjudged not entitled thereto. After the judgment had gone against him, he escaped and remained in this country for more than three years with the status of a merchant. The court held that that status did not cure his unlawful entry. Nor does United States v. Lou King, D.C. N.J., 35 F.Supp. 956, support Yow's contentions. In that case, the District Court found that King had entered the United States lawfully and that he was a merchant at the time of his arrest and entitled to the immunities accorded that class and set aside the order of deportation. On appeal, 3 Cir., 121 F.2d 316, the Circuit Court of Appeals held that King had failed to prove he was a merchant at the time of his entry, and that the fact he had acquired the status of a merchant after entry would not avoid deportation, and reversed the judgment of the lower court.

■■■ There was long delay in instituting deportation proceedings and Yow now has the status of a merchant. These facts appeal to our sympathy, but if any relief is to be accorded him, it must come from other departments of the government. We can only apply the acts of Congress as· written.

The judgment is affirmed.

---

[1] See Wong Fat Shuen v. Nagle, 9 Cir., 7 F.2d 611, 612; United States v. Chu Chee, 9 Cir., 93 F. 797, 804, 805; Ex Parte Wu Kao, D.C.Wash., 270 F. 351, 352; Tulsidas v. Insular Collector, 262 U.S. 258, 262, 264, 43 S.Ct. 586, 67 L. Ed. 969.

[2] See cases cited in Note 1, ante.